450 So.2d 921 (1984)
FEDERAL DEPOSIT INSURANCE CORPORATION, As Receiver/Liquidator of the Bank of Lake Helen, Appellant,
v.
CIRCLE BAR RANCH, INC., a Dissolved Florida Corporation, et al., Appellees.
No. 83-1013.
District Court of Appeal of Florida, Fifth District.
June 7, 1984.
*922 Anne C. Conway and Thomas D. Scanlon of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Orlando, for appellant.
No appearance for appellees.
PER CURIAM.
Appellant appeals from a judgment awarding a deficiency decree in an amount less than the amount claimed by appellant. We reverse and remand for entry of judgment awarding a deficiency for the total amount claimed.
The final judgment of foreclosure adjudicated that appellant/mortgagee was entitled to $1,026,110.10 for principal, interest, and costs. At the judicial sale held pursuant to court order under section 45.031, Florida Statutes, (1981), the security property was sold to a third party for $520,200 cash. Appellant moved for entry of a deficiency judgment for $640,457.81 representing the amount of the final judgment, plus further accrued interest and costs, less the sale proceeds. The mortgagor presented an appraisal made four months before the foreclosure sale which valued the mortgaged property at $1,360,000 and argued that the security property was worth much more than it brought at the sale. The trial court entered a deficiency judgment for $229,800, the difference between the original principal amount of the mortgage ($750,000) and the sale proceeds ($520,200).
When a mortgage secures the outstanding principal indebtedness together with all interest and costs and the judicial foreclosure sale is insufficient to cover all such sums, the mortgagee is entitled to a deficiency judgment for the balance due. To limit the mortgagor's liability and the deficiency to the principal sum deprives the contracting party of the benefit of a lawful contract. See Flagship Bank of Orlando v. Bryan, 384 So.2d 1323 (Fla. 5th DCA 1980); Larsen v. Allocca, 187 So.2d 903 (Fla. 3d DCA), cert. denied, 195 So.2d 566 (Fla. 1966). Under the facts here, and where there is no fraud or interference by the mortgagee with the foreclosure sale nor any legal error in the clerk's conduct of the sale, the mere difference between the foreclosure sale price and the "market value" of the property does not justify denial of a deficiency judgment for the balance of all sums due. See Flagship State Bank of Jacksonville v. Drew Equipment Company, 392 So.2d 609 (Fla. 5th DCA 1981).
REVERSED and REMANDED.
DAUKSCH, FRANK D. UPCHURCH and COWART, JJ., concur.