POWELL, R.W., Associate Judge.
Ricard appeals from a final deficiency judgment after foreclosure of a vendor’s lien, contending only that the lower court had no authority to enter a deficiency judgment. Equitable cross appeals claiming that the lower court erred in allowing Ri-card credit against the deficiency for the value of improvements Ricard made to the property while in possession. We affirm the lower court’s holding that authority existed for entry of a deficiency judgment, but reverse that portion of the judgment allowing Ricard a credit.
The salient facts are that on March 26, 1982, Equitable, as seller, and Ricard, as buyer, entered into a contract for sale and purchase of a dairy farm near Ocala. The purchase price was $4,472,980.00 and the property had an existing mortgage with a balance of $3,472,980.00 which Ricard agreed to assume and pay. Upon execution of the contract, Ricard paid Equitable $400,000.00 and was given the right to take possession of the land and assume the dairy operations which he did. Closing was set for July 15, 1982, at which time the deferred balance of $600,000.00 was due. From the date of the contract until closing, interest was to accrue at fourteen percent on both the deferred payment and the existing mortgage balance and was to be paid by Ricard at closing.
Equitable was prepared to close on the date set, but Ricard was not and as a result Equitable, on January 17, 1983, brought an action for foreclosure of its vendor’s lien, ejectment and quiet title.
A final judgment of foreclosure was entered by the lower court on August 2,1983, finding that Ricard owed Equitable $1,383,-328.15. Of that sum, $713,457.53 constituted the deferred payment plus interest and $656,726.25 constituted accrued interest on the existing mortgage balance. The judgment of foreclosure was not appealed.
A foreclosure sale of the property took place on September 6, 1983, at which Equitable was the highest bidder, obtaining the property for $600,000.00.
Equitable subsequently moved for entry of a deficiency judgment. A hearing was held and evidence presented as to the value of certain improvements Ricard made to the land while he was in possession. Ri-card’s attorney contended that the evidence showed the value at close to $300,000.00. Other evidence showed that Ricard had caused certain large water pumps and diesel motors to be removed from the property for repair and modification. Allis Chai- *594 mers had the equipment and claimed a lien on it for monies owed. Equitable argued that it would cost $200,000.00 to recover and reinstall the equipment at the farm. The trial judge, after considering the evidence as to the improvements and missing equipment, concluded that Ricard was entitled to a credit of $200,000.00 against the deficiency amount of $783,328.15, and entered a deficiency judgment for $583,-328.15, from which Ricard appeals. Equitable claims the court erred in reducing the deficiency amount by allowing a credit of $200,000.00.
Ricard is correct that the Florida Supreme Court has held in two early cases that absent an authorizing court rule or statute, no deficiency judgment may be entered after foreclosure of a vendor’s lien. Johnson v. McKinnon, 45 Fla. 388, 34 So. 272 (1903); Johnson v. McKinnon, 54 Fla. 221, 45 So. 23 (1907). However, we agree with Equitable that although there is no authorizing court rule, under the particular provisions of this contract and the circumstances of this case, the contract is one of those instruments deemed a mortgage under section 697.01, Florida Statutes (1983), subject to the same rules of foreclosure, and that section 702.06, Florida Statutes (1983), applies to authorize entry of a deficiency judgment in this case.
Prior decisions have recognized that typical installment contracts for deed, which are essentially security devices intended to take the place of a purchase money mortgage, fall within the first cited statute, Hoffman v. Semet, 316 So.2d 649 (Fla. 4th DCA 1975) (citing earlier cases); Adkinson v. Nyberg, 344 So.2d 614 (Fla. 2d DCA 1977); Cain and Bultman, Inc. v. Miss Sam, Inc., 409 So.2d 114 (Fla. 5th DCA 1982), while ordinary short-term real estate contracts, such as those commonly called deposit receipt contracts, those not specifically enforceable, or those under which the vendee has no right to possession or other benefits and burdens of ownership, do not. See H & L Land Co. v. Warner, 258 So.2d 293 (Fla. 2d DCA 1972). We see no real legal distinction between this contract calling for a lump sum final payment and an installment contract for deed. Ricard concedes that Equitable held legal title as security for the unpaid balance of the purchase price while the contract was executo-ry. Ricard had possession of the land for just under a year. During this time he was entitled to and did receive in excess of one million dollars in gross proceeds from the sale of milk. He did some work in the nature of maintenance and made some improvements on the farm. We hold that the trial judge had authority to enter a deficiency judgment in this case.
We agree with Equitable’s point on cross appeal that the trial judge erred in allowing Ricard a credit against the full deficiency found to be due. We have held that when a mortgage secures the outstanding principle indebtedness plus interest and costs, and the foreclosure sale is insufficient to cover all sums, the mortgagee is entitled to a deficiency judgment for the balance due in the absence of a shockingly inadequate sale price, improper relationship between the mortgagee and the purchaser at sale, fraud or other recognized equitable reason for denying a deficiency. Flagship State Bank v. Drew Equipment Co., 392 So.2d 609 (Fla. 5th DCA 1981). See also Federal Deposit Ins. Corp. v. Circle Bar Ranch, Inc., 450 So.2d 921 (Fla. 5th DCA 1984). We see no reason why this principle should not apply here even though Equitable was a foreclosing vendor purchasing at the sale and not a third-party bidder. There were no recognized equitable circumstances presented in the evidence which would justify a denial of or a limitation on recovery of the full amount of the deficiency. Equitable’s bid theoretically took into consideration any improvements to the property at the time of the sale as well as the cost to be incurred for repair and reinstallation of the equipment. We see no real difference between reducing the deficiency because of improvements, which the judge did here, and denying a deficiency upon a finding that the market price exceeded the sale price, which we disapproved in Flagship *595 Bank, or limiting the deficiency to the principle balance for the same reason, which we disapproved in Federal Deposit Ins. Co. Consequently, we reverse the deficiency judgment insofar as it allows a credit of $200,000 and remand with directions to enter judgment for the full amount of $783,-328.15 with legal interest from the date of the original judgment.
AFFIRMED in part and REVERSED in part, with directions.
ORFINGER and COWART, JJ., concur.