522 So.2d 546 (1988)
NORWEST BANK OWATONNA, N.A., Appellant,
v.
James Delmar MILLARD, Appellee.
No. 87-1602.
District Court of Appeal of Florida, Fourth District.
March 30, 1988.
*547 Jonathan L. Gaines of Valdes-Fauli, Cobb & Petrey, P.A., Miami, for appellant.
No appearance for appellee.
DOWNEY, Judge.
Appellant, Norwest, was awarded a final judgment of foreclosure in the amount of $233,943.62 inclusive of principal, interest, attorney's fees and costs. Upon motion for a deficiency decree, Norwest adduced uncontradicted evidence that the fair market value of the property was $64,000 and prayed for a deficiency of $161,931.63. However, the trial court granted a deficiency of only $47,210.43 and Norwest appealed.
The rule is well established in Florida and set forth in Carlson v. Becker, 45 So.2d 116, 116 (Fla. 1950), that:
While ordinarily the granting of a deficiency decree is discretionary with the court, this is not an absolute and unbridled discretion, but a "sound judicial discretion," which must be supported by established equitable principles as applied to the facts of the case, and the exercise of which is subject to review on appeal.
A corollary of the rule is announced in Trustees, Etc. v. Indico Corp., 401 So.2d 904, 906-907 (Fla. 1st DCA 1981):
Suffice it to say that when a deficiency decree is entered for less than the amount due and owing the judgment must be supported by established equitable principles and the record must disclose sufficient facts and circumstances to justify the judgment.
The most recent exposition of the rule appears in CSI Services, Ltd. v. Hawkins Concrete Construction Co., 516 So.2d 337, 338 (Fla. 1st DCA 1987), wherein the court said:
The burden to prove that the fair market value of the collateral was less than the debt will be upon the secured party. If the secured party meets this burden, he will be allowed to recover a deficiency judgment in an amount equal to the total debt minus the fair market value of the collateral as ultimately determined.
In the present case the trial judge did not state any legal or equitable principle justifying his refusal to follow the general rule. Thus, the award is an abuse of discretion mandating a reversal of the order and a remand for entry of a deficiency decree for the difference between the fair market value of the property and the amount owed to Norwest.
WALDEN and GUNTHER, JJ., concur.