GRIFFIN, Judge.
This is the appeal of a final order denying appellant Bank’s motion for a deficiency judgment after foreclosure. The order appealed contained no findings or recitation of the equitable considerations underlying the trial court’s denial of the deficiency judgment. In an effort to glean the trial court’s basis for denial, we have searched the record but have found no evidence that supports the lower court’s order. Federal Deposit Ins. Corp. v. Circle Bar Ranch, Inc., 450 So.2d 921 (Fla. 5th DCA 1984). See also Norwest Bank Owatonna, N.A. v. Millard, 522 So.2d 546 (Fla. 4th DCA 1988). Accordingly, we reverse.
In their brief, appellees identify only two grounds supporting denial. First, the language of the final judgment of foreclosure was inadequate to reserve jurisdiction to enter a deficiency. Second, appellee introduced in evidence a “Statement Issued in Lieu of a 1099 U.S. Information Return and/or 1098 Mortgage Interest Statement” generated by the Bank that contained a statement that the borrower was not personally liable for the repayment of the loan. Appellees contend this statement constituted an estoppel or an abandonment of the right to seek a deficiency.
The lower court evidently rejected the appellees’ argument that the Final Judgment of Foreclosure had not adequately reserved jurisdiction to award a deficiency since the lower court denied the motion for a deficiency judgment rather than dismiss it for lack of jurisdiction. In any event, while we disapprove the failure to follow the Final Judgment of Foreclosure form in Florida Rule of Civil Procedure 1.996, we conclude that the language reserving jurisdiction was adequate in this case.
The 1099 IRS statement is insufficient to support a defense to the deficiency claim in this case. In their briefs, the parties argue at some length over whether this document was ever actually admitted in evidence by the trial court. At the time appellees sought to introduce the statement, the Bank immediately objected and a lengthy argument ensued. It appears from the record that the objection was never ruled upon and the trial court asked the parties for memoranda on the subject. Although the document is marked as “Defendant’s Exhibit Number One” and initialed by the trial judge, this may have been for identification purposes only. Whether or not the trial court admitted this document in evidence, however, its admission would have been error and, in any event, would not defeat the Bank’s right to a deficiency. The defenses of waiver and estoppel were never pleaded or otherwise asserted and the only evidence adduced in support of these defenses was the 1099 statement referred to above. Appellees presented no witness to authenticate the document, to establish that it was generated by the appellant Bank or to whom, if anyone, it was actually sent. Also, the document reflects that it is a statement for the calendar year 1989, so presumably, it was not prepared until sometime in 1990. In the present case, the foreclosure sale occurred on February 15, 1989 and the motion for entry of a deficiency judgment was filed on July 13, 1989. Even if the document had been properly authenticated, there is no evidence to suggest this document constituted an es-toppel or waiver as appellees urge. Because the equitable grounds relied upon by appellees are not supported by competent evidence in the record, we reverse the order appealed and remand with instructions to the trial court to enter a deficiency judgment in favor of appellant.
REVERSED and REMANDED.
HARRIS and DIAMANTIS, JJ., concur.