588 So.2d 325 (1991)
MIZNER BANK, Appellant,
v.
H. ADIB, a/k/a Hooshang Adib, Fatat Adib, his wife, and Glendale Federal Bank, Federal Savings Bank, Appellees.
No. 91-0643.
District Court of Appeal of Florida, Fourth District.
November 6, 1991.
*326 Ronald A. David, David & French, P.A., Boca Raton, for appellant.
H. Adib, pro se.
POLEN, Judge.
The appellant foreclosed its mortgage on a parcel of property which it then purchased at the foreclosure sale. After the sale the appellant moved for a deficiency judgment which the trial court found was appropriate. The trial court did not, however, award the appellant the full value of the deficiency as reflected by an appraisal which showed the fair market value of the property within ten days of the foreclosure sale. We reverse for the following reasons.
The appellee appeared before the trial court and offered an appraisal which was dated one year before the foreclosure sale. The older appraisal showed the value of the property to be substantially higher than the more recent one offered by the appellant. The court considered the appellee's one-year-old appraisal and awarded the appellant approximately $10,000 less than it was claiming based on the more recent appraisal. The trial court then denied the appellant's motion for reconsideration.
It is clear that the only date relevant to the amount of a deficiency judgment is the date of the foreclosure sale. Sun Bank/South Florida National Assn. v. Bishop, 535 So.2d 359 (Fla. 4th DCA 1989); Savers Federal Savings & Loan Assn. v. Sandcastle Beach Joint Venture, 498 So.2d 519 (Fla. 1st DCA 1986). Therefore, we find that it was error for the trial court to consider the appellee's appraisal, which was irrelevant, being one year old at the time of foreclosure sale.
When a party is entitled to a deficiency judgment as a matter of law then it is an abuse of discretion for the trial court not to award the full amount of deficiency, unless there are some stated equitable principles which justify the lower award. Norwest Bank of Owatonna v. Millard, 522 So.2d 546 (Fla. 4th DCA 1988). In the present case the trial judge should not have relied on the appraisal which was one year old at the time of the foreclosure sale, yet the court was not obligated to merely rubber stamp the appellant's request for a specific amount. There is some discretion reserved to the trial court with regard to deficiency judgments. Norwest at 547. In this case, however, the trial court did not articulate any reasons for the reduced award.
Therefore, we reverse the deficiency judgment as it stands and we remand to the trial court with instructions to make an award without considering the out-of-date appraisal submitted by the appellee. If some equitable principal justifies a lower award than is reflected by the relevant evidence then the court should state such a principal with particularity.
The judgment appealed from is reversed and the case is remanded.
DOWNEY, J., concurs.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting.
Although I agree with the majority that the relevant date for determining a deficiency is the date of the foreclosure sale, I do not believe the trial court erred in receiving evidence of the property's value a year earlier. We have no record of the trial proceedings here, and although it is undisputed that the trial court received the evidence of the earlier appraisal, I do not believe that demonstrates a lack of evidence *327 to uphold the trial court's determination of the amount of the deficiency.