W. SHARP, Judge.
Coral Gables Federal Savings and Loan Association appeals from the final order of the trial court denying its motion for a deficiency judgment in a mortgage foreclosure case. The mortgagor had defaulted, and Coral Gables supplied a sufficient record to merit entry of a deficiency award. In denying the motion, the trial court stated no legal or equitable reasons, and none are apparent from the record. We reverse.
The issue in this case is whether the trial court may deny a motion for a deficiency judgment after foreclosure without expressing any legal or equitable reasons for the denial and without any evidence in the record to support the denial. We addressed this issue in First Union National Bank of Florida v. Schmitt, 584 So.2d 225, 226 (Fla. 5th DCA 1991). In First Union, this court reviewed a final order in which the trial court denied First Union’s motion for entry of a deficiency judgment after the foreclosure sale and failed to state any equitable reasons to support the denial. Upon reviewing the record and finding no evidence to support the denial or to support the equitable grounds argued on appeal, the First Union court reversed the order and remanded with instructions to the trial court to enter a deficiency judgment.
Similarly, in Federal Deposit Insurance Corp. v. Circle Bar Ranch, Inc., 450 So.2d 921, 922 (Fla. 5th DCA 1984), this court held that when a mortgage secures the outstanding principal indebtedness and all of the related expenses, such as interest, costs, and fees, and when the judicial foreclosure sale of the collateral is insufficient to cover all of these amounts, the secured party is entitled to a deficiency judgment for the balance due. In Carlson v. Becker, 45 So.2d 116, 116 (Fla.1950), the Florida Supreme Court held that while the trial court has discretion in determining a deficiency judgment, the facts of the case and established equitable principles must support the trial court’s decision, which is subject to appellate review.[1] Additionally, the secured party has the burden to prove *683 that the fair market value of the collateral was less than the total debt. Norwest Bank Owatonna, N.A. v. Millard, 522 So.2d 546, 547 (Fla. 4th DCA 1988).
In this case, it was clearly an abuse of discretion not to grant the motion for a deficiency judgment. We reverse the trial court’s order denying the deficiency judgment and remand for entry of such an award, based on the difference between the fair market value of the mortgaged properties and the total amount owed Coral Gables pursuant to the foreclosed note and mortgage.
REVERSED and REMANDED.
PETERSON and GRIFFIN, JJ., concur.

. See abo Mizner Bank v. Adib, 588 So.2d 325, 326 (Fla. 4th DCA 1991).