642 So.2d 1117 (1994)
Dane D. MORGAN, as Trustee, Appellant,
v.
Richard KELLY, et al., Appellees.
No. 93-2336.
District Court of Appeal of Florida, Third District.
September 14, 1994.
Rehearing Denied October 19, 1994.
Michael E. Watkins, for appellant.
Norman Malinski, for appellees.
Before NESBITT, GERSTEN and GODERICH, JJ.
GERSTEN, Judge.
Appellant, mortgagee Dane D. Morgan (Morgan), appeals a post-foreclosure deficiency judgment, claiming the trial court erred in entering judgment for less than the amount due. We agree and reverse.
Morgan was awarded a final judgment of foreclosure in the amount of $387,087.28. Morgan then purchased the property for $100,000. After the sale, Morgan moved for a deficiency judgment.
Upon competent evidence, the trial court determined that the fair market value of the property was $215,000. The trial court then subtracted the sale price of the property from its fair market value to arrive at a deficiency judgment of $115,000.
However, the correct formula to calculate a deficiency judgment is the total debt, as secured by the final judgment of foreclosure, minus the fair market value of the property, as determined by the court. Norwest Bank Owatonna, N.A. v. Millard, 522 So.2d 546 (Fla. 4th DCA 1988) (citing CSI Servs., Ltd. v. Hawkins Concrete Constr. Co., 516 So.2d 337, 338 (Fla. 1st DCA 1987)). See R.K. Cooper Constr. Co. v. Fulton, 216 So.2d 11 (Fla. 1968); Liberty Business Credit Corp. v. Schaffer/Dunadry, 589 So.2d 451 (Fla. 2d DCA 1991); Flagship State Bank of Jacksonville v. Drew Equip. Co., 392 So.2d 609 (Fla. 5th DCA 1981). Here, the trial court erred in using an incorrect formula to determine the deficiency, resulting in a judgment *1118 for less than the full amount of the debt. See Mizner Bank v. Adib, 588 So.2d 325 (Fla. 4th DCA 1991).
A trial court's discretion with regard to deficiency judgments is not absolute. Carlson v. Becker, 45 So.2d 116 (Fla. 1950); Coral Gables Federal Savs. and Loan Ass'n v. Whitewater Enters., Inc., 614 So.2d 682 (Fla. 5th DCA 1993). "[W]hen a deficiency decree is entered for less than the amount due and owing, the judgment must be supported by established equitable principles." Trustees of Central States Southeast and Southwest Areas, Pension Fund v. Indico Corp., 401 So.2d 904, 906 (Fla. 1st DCA 1981). When a court does not state any legal or equitable principles justifying an award for less than the full amount of the deficiency, the award is an abuse of discretion. Mizner Bank, 588 So.2d at 325; Norwest Bank Owatonna, N.A., 522 So.2d at 546.
Because the trial court failed to articulate any reasons for awarding less than the full amount due, we reverse the deficiency judgment and remand to the trial court. Should the court find that an equitable principle justifies a reduced award, then the court should state that principle with particularity. See Mizner Bank, 588 So.2d at 326.
Reversed and remanded.