KLEIN, Judge.
The appellant condominium association foreclosed a hen against the apartment of an owner who had not paid assessments; however, the association received nothing as a result of the foreclosure sale. The association then sought a personal judgment against the owner, which the trial court denied, and the association appeals. We reverse.
The association brought this action seeking foreclosure and a money judgment, alleging past due condominium assessments and fees. The court entered a summary judgment in the amount of $13,748, and a foreclosure sale was held at which the association was the highest bidder. The condo, however, was subject to a large first mortgage which was also in foreclosure, and the sale pursuant to that foreclosure closed out the interest of the association.
The association then sought a personal judgment, but after conducting a deficiency hearing the trial court refused to enter a judgment without stating any reasons. The association appeals, arguing that a denial of a deficiency is an abuse of discretion where there is no legal or equitable basis for it, citing Morgan v. Kelly, 642 So.2d 1117, 1118 (Fla. 3d DCA 1994).
We need not decide whether the law regarding deficiency judgments in mortgage foreclosure actions is applicable here, because section 718.116(1)(a), Florida Statutes (1993) provides that a unit owner is liable for all assessments, and this declaration of condominium also makes this unit owner liable. We therefore conclude that the court erred as a matter of law and remand for entry of a judgment in the full amount of the assessment, along with attorney’s fees and costs.
GLICKSTEIN and DELL, JJ., concur.