W. SHARP, Judge.
Luis and Nilsa Estepa appeal from a summary final judgment which determined they owe appellees (Jordan, Strouth, Conway and Smith) a deficiency of $57,190.10, plus attorney’s fees of $2,814.18, following a mortgage foreclosure suit. Because the record is insufficient to establish the amount of the deficiency as a matter of law, we reverse the summary judgment and remand for further proceedings.
The record in this case establishes that appellees filed a foreclosure suit against the Estepas, in which they sought payment of a $200,000 promissory note executed by the Estepas, foreclosure and sale of the real estate, a deficiency judgment, attorney’s fees, and other relief. On March 31, 1995, the trial court entered a final summary judgment of foreclosure in the amount of $223,005.92. The court specifically retained jurisdiction to enter a deficiency judgment, if appropriate, and to deal with other issues raised by the complaint that were not addressed by the judgment.
On May 11, 1995, the appellees bought the property at the foreclosure sale for $1,000.00 and a certificate of title was issued to them on May 24, 1995. They filed a motion for a deficiency judgment on September 8, 1995. This motion was served on Fernando Palac-ios, the attorney of record for the Estepas in the foreclosure suit.
Appellees moved for summary final judgment on October 4, 1995, and the hearing was scheduled for November 2, 1995. On October 20, 1995, Palacios moved for a continuance, stating he had been unable to contact the Estepas, and that he needed more time to reach them so they could attend and testify at the hearing. Additionally, on October 26,1995, the Estepas filed an objection to the entry of judgment because they had not been personally served with notice of the hearing and process relating to the motion for a deficiency. They also argued the appraisal offered by appellees was not based on the property’s fair market value as of the date of the foreclosure sale.
The trial court ruled that the Estepas need not be served again by process or personally noticed, in connection with the motion for a deficiency judgment. It held that the service of the notice on the Estepas’ attorney of record was sufficient. It also found that a *878 deficiency existed: the difference between the fair market value of the property on the date of the foreclosure sale and the balance of the mortgage debt owned.[1]
The fair market value was established for summary judgment purposes by an affidavit filed by Jordan, who was one of the foreclosing mortgagees, and also, one of the purchasers of the property at foreclosure. The affidavit simply said that in Jordan’s opinion, the fair market value of the property as of June 8, 1996, was $175,000.00, as established by an appraisal attached to the affidavit. The appraisal had been prepared by an appraisal firm for Jordan and concluded the fair market value of the property as of June 8, 1995 was $175,000.00.
We agree with the trial court that new service of process need not be made on the Estepas in connection with the motion for a deficiency judgment. Timmers v. Harbor Federal Savings & Loan Ass’n., 548 So.2d 282 (Fla. 1st DCA 1989). The law of mortgage foreclosure in Florida contemplates that a deficiency judgment may be appropriate in a foreclosure suit,[2] and as such, a deficiency proceeding is a continuation of the original foreclosure suit. In such a case, notice sent to the attorney of record for the mortgagor, is in general, a sufficient basis to allow the deficiency proceeding to go forward.
In addition, in this case the trial court specifically reserved jurisdiction in the foreclosure judgment to deal with a deficiency decree, and the appellees’ complaint specifically sought that relief initially. Finally, it appears the Estepas actually did get notice of the deficiency hearing since they, as well as their attorney of record, filed motions, opposing entry of the deficiency decree. Whether like circumstances are necessary in every case to apply the Timmers rationale, we are not prepared to say. In this case, however, they weigh heavily in favor of ap-pellees’ position.
While the trial court had jurisdiction to proceed to act on appellees’ motion for a deficiency, we conclude that the evidence was insufficient to establish the amount of the deficiency as a matter of law. It is axiomatic that the party seeking a deficiency judgment has the burden of proving that the fair market value of the property foreclosed upon was less than the total mortgage debt owed. Coral Gables Federal Savings & Loan Ass’n. v. Whitewater Enterprises, Inc., 614 So.2d 682 (Fla. 5th DCA 1993). The critical date the fair market value of the real estate must be established for such purpose is the date of the foreclosure sale. Community Bank of Homestead v. Valois, 570 So.2d 300, 301 n. 1 (Fla. 3d DCA 1990); Savers Federal Savings & Loan Ass’n. v. Sandcastle Beach Joint Venture, 498 So.2d 519 (Fla. 1st DCA 1986). Here, the appraisal and Jordan’s opinion of value was 27 days after the date of the foreclosure and, at best, it was minimal.
Since the deficiency judgment must be reversed and this cause remanded, we also note (as appellees’ counsel graciously acknowledged at oral argument) that the trial court erred in awarding appellees interest on the full amount of the judgment, through the date of the deficiency judgment. See Shaw v. Charter Bank, 576 So.2d 907 (Fla. 1st DCA 1991). A secured party is not entitled to statutory interest on the entire foreclosure judgment following the date of the foreclosure sale.
We find no error in the trial judge’s award of attorney’s fees to appellees for services rendered in connection with the foreclosure proceeding. However, in view of our ruling in this case, we quash the fee awarded to appellees for the deficiency proceedings. On remand, the trial court may, in its discretion, revisit the award of attorney’s fees for the purposes of obtaining a deficiency judgment, should it be appropriate in connection with subsequent proceedings below. We affirm the award of attorney’s fees for services ren *879 dered in connection with the foreclosure proceedings.
AFFIRMED in part; REVERSED in part; REMANDED.
GRIFFIN and THOMPSON, JJ., concur.

. $223,005.92 minus $175,000.00 = $57,190.10.

. See § 702.06, Fla. Stat. (1995) ("In all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound judicial discretion of the court ...”)