FLETCHER, Judge.
Residential Funding Corp. [Residential] filed this action for foreclosure of its second mortgage on property owned by the Barreras, at which time there was also pending a separate action seeking foreclosure of a first mortgage of $650,000. Residential obtained a judgment in its favor for $261,181.20 and the property was sold, without Residential bidding at the auction sale. The purchaser was a non-party whose bid of $1,000 subject to the first mortgage was successful. Residential subsequently moved for a deficiency judgment in the amount of $266,263.80 which motion was denied by the trial court. We reverse and remand.
We start out by noting that, generally speaking, the granting of a deficiency judgment is the rule rather than the exception, unless there are facts and circumstances creating equitable considerations calling for the trial court to deny a deficiency judgment in the exercise of its discretion. S/D Enters., Inc. v. Chase Manhattan Bank, 374 So.2d 1121 (Fla. 3d DCA 1979). Here the Barreras contend that the trial court correctly exercised its discretion because (1) the evidence at the deficiency hearing revealed that the value of the foreclosed property exceeded the debt, and (2) Residential is estopped to seek a deficiency judgment as it did not bid at the auction sale. While the Bar-reras express these as two separate considerations, they equate to one issue, as expressed in FDIC v. Circle Bar Ranch, Inc., 450 So.2d 921 (Fla. 5th DCA 1984). There also, a non-party was the successful bidder at the foreclosure sale and, the FDIC moved for a $640,457.81 deficiency judgment. In reversing the trial court’s award of only $229,800 the First District Court stated:
‘When a mortgage secures the outstanding principal indebtedness together with all interest and costs and the judicial foreclosure sale is insufficient to cover all such sums, the mortgagee is entitled to a deficiency judgment for the balance due. To limit the mortgagor’s liability and the deficiency to the principal sum deprives the contracting party of the benefit of a lawful contract. Under the facts here, and where there is no fraud or interference by the mortgagee with the foreclosure sale nor any legal error in the clerk’s conduct of the sale, the mere difference between the foreclosure sale price and the ‘market value’ of the property does not justify denial of a deficiency judgment for the balance of all sums due.”
450 So.2d at 922 (citations omitted).
The instant case is not, one such as Municipal Savings & Loan Corp. v. Fiorentino, 512 So.2d 228 (Fla. 3d DCA 1987), in which the foreclosing party was the successful bidder and the property at sale time had a fair market value in excess of the amount of the debt. Under that circumstance the foreclosing party has suffered no financial loss as it now owns property with a market value exceeding the debt it was owed. In such a case there is obviously no legitimate basis for a deficiency judgment.
The situation here is not that of Fioren-tino, but rather is that of Circle Bar Ranch. As a result, we reverse the trial court’s order and remand this case for the entry of a deficiency judgment for the total balance due Residential.
Reversed and remanded for proceedings consistent herewith.