PER CURIAM.
Mortgagors of apartment buildings appeal two final judgments of foreclosure. For the following reasons, we affirm.
MR&F Enterprises and Ridgewood Development Corporation, the mortgagors, owned two apartment buildings mortgaged through Citicorp Savings. In May 1991, the United States Government seized the properties and collected the rents. Subsequently, the loans on the buildings were declared in default for non-payment. Citi-corp accelerated the loans and sought foreclosure. In 1992, Citicorp obtained final foreclosure judgments (“1992 judgments”) on the properties. Citicorp directed the Sheriff to perform an execution levy on the properties. At $100 for each property, Citicorp had the successful bid at the Sheriffs sales.
On November 30, 1998, the state court found that Citicorp had legal title to the properties and set foreclosure sales on the properties. The state court did award a credit against the 1992 judgments indebtedness for the combined bid at the Sheriffs sales ($200) and a credit to be subsequently determined by the state court in the amount of rents received by Citicorp between the date of the 1992 judgments and the date of the Sheriffs sales.
First, the mortgagors contest the validity of the Sheriffs sales. The trial court was correct in finding the Sheriffs sales valid. The 1992 judgments directed that execution shall issue. See DuBreuil v. Regnvall, 527 So.2d 249 (Fla. 3d DCA 1988); Fla. R. Civ. Pro. 1.550 (providing that executions on final judgment issue without praecipe). This gave Citicorp authority to proceed with an execution, levy and sale. Furthermore, the United States specifically waived any and all of its rights to stay or postpone the foreclosure proceedings in state court. Because this waiver occurred, execution could proceed.
The mortgagors alternatively argue that they should receive a credit for the fair market value of the properties at the time of the Sheriffs sale. As a mortgagee in a foreclosure action, Citicorp is entitled to recover its full judgment debt, including interest and costs but less the fair market value of the properties. No deficiency action has been filed in this case yet. However, Citicorp’s counsel represented at oral argument that foreclosure sales have taken place and Citicorp was the high bidder. We direct the trial court to hold an evidentiary hearing to determine the fair market value of the properties at the time of the foreclosure sales, not the Sheriffs sales. If the fair market value of the properties at the time of the foreclosure sales exceeds the debt owed, a deficiency judgment is unnecessary. See Residential Funding Corp. v. Barrera, 762 So.2d 948 (Fla. 3d DCA 2000); Community Bank of Homestead v. Valois, 570 So.2d 300, 304 (Fla. 3d DCA 1990). Any surplus would then be awarded to the mortgagors.
Finally, the mortgagors claim that the trial court lacked jurisdiction to grant a credit to them for the “net” rents tendered to Citicorp by the United States government. They argue that the federal court explicitly retained jurisdiction to determine the distribution of any rental proceeds. The mortgagors properly received a credit for rents collected and remitted to *785 Citicorp in state court. This does not interfere with the federal court’s order retaining jurisdiction. On March 10, 1999, the federal court ordered the federal government to pay the mortgagors the rental proceeds collected less operation expenses and mortgage payments. Because the mortgagors are unable to collect for the loss of the property and did not receive damages from the government for the mortgage payments made, they should receive a credit for the money paid toward the mortgage from the time of the seizure until the Sheriffs sales on October 6, 1993. During this period, the federal government was in possession of the property but remitted “net rents” to Citicorp to be applied against the mortgage. Thus, Citicorp was in constructive possession of the properties. A mortgagee in possession must account to the mortgagor for rents and profits received from the properties and apply them in reduction of the mortgage debt. See Miami Gardens, Inc. v. Conway, 102 So.2d 622, 627 (Fla.1958). “The mortgagee is not allowed to make a profit out of his possession of the estate.” Id. Therefore, the mortgagors are entitled to have the judgment debt reduced by the rent monies remitted to Citicorp by the government.
Because there was no error in the trial court’s order setting foreclosure sales, we affirm and remand with directions to determine the fair market value of the properties at the time of the foreclosure sales and credit that amount to the mortgagors.
AFFIRMED AND REMANDED WITH DIRECTIONS.