SWANSON, J.
 

 Beach Community Bank (“Appellant”) appeals the trial court’s order denying its motion for deficiency judgment. Appellant contends the trial court abused its discretion in denying the motion because it rejected uncontroverted expert testimony as to the fair market value of the property at issue. We agree and reverse.
 

 Appellant loaned money to First Brownsville Company, Arthur C. Bunton, III and Archibald Hovanesian, Jr. (“Appel-lees”) to construct and operate a mini-warehouse storage business. Appellees executed a promissory note secured by a mortgage on the mini-warehouse property. Appellant ultimately sued to foreclose the mortgage lien after Appellees defaulted on the loan. The court entered summary final judgment of foreclosure, determining that Appellees owed Appellant $1,224,475.50 and setting a date for the foreclosure sale. On June 80, 2010, Appellant purchased the property for $1,800.00 at the foreclosure sale. Appellant then filed a motion for deficiency judgment.
 

 At the hearing on the motion, Appellant presented the testimony of John Priller. Appellees conceded that Priller was an expert in the field of property appraisal.
 
 *1121
 
 Priller testified that he conducted an appraisal to determine the value of the mini-warehouse property. After analyzing the property’s value under three different methods, his final valuation concluded that the property was worth $770,000 on August 12, 2010. Although the appraisal date was six weeks after the foreclosure sale, Priller explained that the value of the property was the same because the market had not changed that much. On cross-examination, Priller testified that on October 15, 2009, he had produced an appraisal report on the same piece of property that valued it at $1,480,000.
 

 Instead of presenting their own expert testimony, Appellees offered the testimony of Bunton, one of the property’s owners prior to foreclosure. Although Bunton had forty-five years of experience in construction, he was not a licensed general contractor in Florida and had no formal training in appraising commercial property. Bun-ton contended that Priller’s appraisals were flawed because they did not distinguish the property’s construction from another onsite building’s construction; incorrectly noted there were no five-by-five storage units on the property; incorrectly showed the paved areas were asphalt instead of concrete and wire mesh; and did not use comparable properties that had full concrete pad construction on the exterior and clear span steel construction on the interior.
 

 At the hearing, the court reasoned that, as the trier of fact, it could “accept or reject expert opinion testimony[.]” The court determined that although “there [was] no contradictory expert testimony[,]” Priller’s testimony was not sufficiently credible because the diminution in value between his first and second appraisals was simply “too dramatic.” The court went on to state: “There’s been a decline, not a dramatic decline, I mean, things have been gradual. Certainly, you can come in and say there is a ten percent diminution in value. I mean, that would have been something that the [c]ourt could accept, but he just cannot reconcile sufficiently this dramatic decline and erosion of the value placed on the property.” The court denied the motion for deficiency judgment and subsequently rendered an order to that effect.
 

 The decision to accept or reject expert testimony is reviewed under an abuse of discretion standard.
 
 Doctors Co. v. State, Dep’t of Ins.,
 
 940 So.2d 466, 469 (Fla. 1st DCA 2006). However, the court’s discretion in rejecting expert testimony cannot be exercised arbitrarily and requires some reasonable basis in the evidence.
 
 See Wald v. Grainger,
 
 64 So.3d 1201, 1205-06 (Fla.2011). Moreover, “the trial court may not pit its judgment against that of an expert on highly technical matters.”
 
 Fla. E. Coast Ry. v. Beaver St. Fisheries, Inc.,
 
 537 So.2d 1065, 1069 (Fla. 1st DCA 1989);
 
 see also Port Largo Club, Inc. v. Warren,
 
 476 So.2d 1330, 1334 (Fla, 3d DCA 1985) (“Where fair market value is at issue, expert testimony is necessary to prove the value thereof.”). The court can only reject undisputed testimony from an expert when it either concerns technical evidence and “is so palpably incredible, illogical, and unreasonable as to be unworthy of belief or otherwise open to doubt[,]” or when it concerns non-expert matters and is disputed by lay testimony.
 
 See Beaver St. Fisheries, Inc.,
 
 537 So.2d at 1070.
 

 The court abused its discretion in rejecting Priller’s testimony. Priller’s qualifications, methodology, data, and calculations were never challenged except through a non-expert’s attempted impeachment of the appraisals. Priller testified that none of these issues affected his valuation of the property, and Appellees offered no evidence to contradict that testi
 
 *1122
 
 mony. In addition, there was no reasonable basis in the evidence to conclude that Priller’s testimony was not credible because the diminution in the value of the property between his two appraisals was “too dramatic.” Priller’s appraisals detailed several reasons why the property’s value declined. None of this evidence was challenged by Appellees or rejected by the court. Finally, there was no reasonable basis in the evidence for the court to opine that a gradual ten percent diminution in the value of the property was more reasonable.
 

 Based on the foregoing, we must conclude the court abused its discretion by arbitrarily denying the motion for deficiency judgment.
 
 Savers Fed. Sav. & Loan Ass’n v. Sandcastle Beach Joint Venture,
 
 498 So.2d 519, 521 (Fla. 1st DCA 1986) (stating “the exercise of [the trial court’s] discretion must be within the limits of proof and should not be arbitrary”). A judgment creditor is entitled to a deficiency judgment equal to the total amount listed in the final judgment of foreclosure minus the fair market value of the property as of the foreclosure sale date.
 
 Morgan v. Kelly,
 
 642 So.2d 1117, 1117 (Fla. 3d DCA 1994). In the instant case, uncontro-verted expert testimony established that Appellant was entitled to a deficiency judgment based on the fair market value of $770,000. Accordingly, we reverse the trial court’s order denying Appellant’s motion for deficiency judgment and remand with instructions to enter deficiency judgment consistent with this opinion.
 

 REVERSED and REMANDED with directions.
 

 VAN NORTWICK, and LEWIS, JJ., concur.