CRENSHAW, Judge.
Empire Developers Group, LLC, Richard B. Melson, Amy Melson, William L. Slavieh, and Brenda Slavich (collectively referred to as Empire) appeal a final deficiency judgment entered against them in favor of Liberty Bank in the amount of $2,657,219.72. Because the deficiency judgment is not supported by competent, substantial evidence as to the fair market value of the property at the time of foreclosure sale, we reverse and remand for further proceedings.
In July 2009, Liberty Bank brought an action against Empire for the foreclosure of nine residential condominium units. A final judgment of foreclosure was entered on December 7, 2009, in the amount of $6,768,895.09 plus interest. A foreclosure sale was held on January 6, 2010, and Liberty Bank was the successful bidder on the units with a bid of $800,100. Thereafter, Liberty Bank filed a motion for deficiency judgment. To mitigate damages, Liberty Bank sold seven of the nine condominium units by the date of the deficiency hearing.[1] In February 2011, following the deficiency hearing, the trial court entered *53 its final deficiency judgment against Empire for $2,657,219.72. This appeal timely followed.
Empire challenges the deficiency amount awarded to Liberty Bank. “[T]he correct formula to calculate a deficiency judgment is the total debt, as secured by the final judgment of foreclosure, minus the fair market value of the property, as determined by the court.” Morgan v. Kelly, 642 So.2d 1117, 1117 (Fla. 3d DCA 1994). “[T]he party seeking a deficiency judgment has the burden of proving that the fair market value of the property foreclosed upon was less than the total mortgage debt owed.” Estepa v. Jordan, 678 So.2d 876, 878 (Fla. 5th DCA 1996) (citing Coral Gables Fed. Sav. & Loan Ass’n v. Whitewater Enters., Inc., 614 So.2d 682 (Fla. 5th DCA 1993)). And “[t]he critical date the fair market value of the real estate must be established for such purpose is the date of the foreclosure sale.” Estepa, 678 So.2d at 878 (emphasis added) (citing Cmty. Bank of Homestead v. Valois, 570 So.2d 300, 301 n. 1 (Fla. 3d DCA 1990)).
In calculating the deficiency, the trial court used two methodologies to determine the fair market value of the nine condominium units. To assess the value of the two unsold units, the trial court relied upon appraisals submitted by Liberty Bank, which assessed the fair market value of the units as of June 13, 2010. And to determine the value of the seven units sold by Liberty Bank, the trial court used the value of the net sales proceeds from each sale.
We conclude that the trial court erred by relying upon these values submitted by Liberty Bank to determine the fair market value of the nine units because no evidence was presented to link the value of the units as of the June 13, 2010, appraisal date or the sale dates with the value of the units at the date of foreclosure sale on January 6, 2010. Instead, at the deficiency hearing, counsel for Liberty Bank conceded that the values submitted were not as of the foreclosure sale date, but argued “that in six months there would not have been much change in the rate.” This conclusory statement, without more, is insufficient to show the value of the units at the date of the foreclosure sale. Because there was no competent, substantial evidence presented as to the fair market value of the property at the time of the foreclosure sale, we reverse the deficiency judgment and remand to the trial court for further proceedings.
We also note that the trial court erred in awarding Liberty Bank interest on the entire debt from the date of the final judgment of foreclosure through the date of the deficiency hearing. See Este-pa, 678 So.2d at 878 (“A secured party is not entitled to statutory interest on the entire foreclosure judgment following the date of the foreclosure sale.”). Accordingly, on remand, “statutory interest may only be awarded against the remaining debt” from the date of the foreclosure sale. Shaw v. Charter Bank, 576 So.2d 907, 909 (Fla. 1st DCA 1991).
Reversed and remanded.
WHATLEY, J„ Concurs.
KHOUZAM, J., Concurs in result only.

. The sales occurred on different dates ranging from May to November 2010.