DAVIS, Judge.
The Royal Palm Bank of Florida challenges the trial court’s order denying its motion for a deficiency judgment after a foreclosure proceeding forced the sale of *402 property owed by Hunters Property, LLC. We reverse.
The issue on appeal involves the trial court’s excluding the opinion testimony of Royal Palm Bank’s appraiser offered at the hearing on the motion for a deficiency judgment. Hunters Property and the guarantor of the defaulted loan, Christopher Marsala, objected to the appraiser’s expert testimony based on the licensing provisions of chapter 475, Florida Statutes (2009). The trial court excluded the testimony of the appraiser and then denied Royal Palm’s motion for deficiency judgment because it “failed to establish by competent evidence that any deficiency exists.” Such was error.
The defendant property owners based their objection to Royal Palm’s expert on the provisions of section 475.611, which distinguishes between a “certified general appraiser” and a “certified residential appraiser.” However, that distinction is immaterial because section 475.612(4) provides as follows: “This section does not prevent any state court or administrative law judge from certifying as an expert witness in any legal or administrative proceeding an appraiser who is not certified, licensed, or registered; nor does it prevent any appraiser from testifying, with respect to the results of an appraisal.”
Accordingly, we reverse the trial court’s order and remand for further proceedings. The trial court is to consider the expert’s proffered testimony along with the other evidence produced at trial in its reconsideration of the motion for a deficiency judgment. Any determination that the deficiency judgment should be denied “must be supported by established equitable principles and the record must disclose sufficient facts and circumstances” to support that judgment. Norwest Bank of Owatonna, N.A. v. Millard,, 522 So.2d 546, 547 (Fla. 4th DCA 1988). We note that absent written findings of fact and law in support of such a judgment, the trial court’s reasoning may not be apparent for this court’s review. Cf. Shaw v. Charter Bank, 576 So.2d 907, 908 n. 2 (Fla. 1st DCA 1991).
Reversed and remanded.
CASANUEVA and KHOUZAM, JJ„ Concur.