# Third District Court of Appeal

## State of Florida

Opinion filed July 30, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-597
Lower Tribunal No. 10-54870
_____

**Pierre Philippe,**
Appellant,

vs.

**Michael Weiner, M.D., P.A. Sharing Plan,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Daryl E. Trawick, Judge.

Raven Liberty, P.A., and Raven Ramona Liberty, for appellant.

Paul M. Kade, for appellee.

Before ROTHENBERG, FERNANDEZ, and SCALES, JJ.

SCALES, J.

Appellant, Pierre Philippe (Philippe), Defendant below, appeals from the

trial court's   April 9, 2012, Judgment for Deficiency, awarding Appellee, Plaintiff

below, Michael Weiner, M.D., P.A. Profit Sharing Plan (Weiner), prejudgment interest, unpaid real estate taxes, insurance, and costs; Philippe also appeals the trial court's subsequent Order Denying Motions for Rehearing. We affirm in part, and, because certain expenses relating to the property were improperly charged to Philippe, and because prejudgment interest was improperly calculated, we reverse in part.

## I.    Facts

In February 2006, Philippe executed a balloon promissory note in the amount of $500,000, as well as a mortgage securing payment to Weiner.

Pursuant to the terms of the note, Philippe was to make monthly interest-only payments for three years, after which time the note's $500,000 principal amount would be due. Also, pursuant to the note, interest was to accrue on any amount in default at the rate of 18%.

After Philippe defaulted on the note and mortgage by failing to pay the balloon balance, Weiner instituted mortgage foreclosure proceedings against Philippe. In consideration for concluding the mortgage foreclosure action, Philippe, as mortgagor, provided Weiner with a Deed in Lieu of Foreclosure (the Deed). The Deed was executed and delivered to Weiner on February 24, 2010.[1]

---

[1] The Deed was recorded March 15, 2010.

The Deed expressly provided that the conveyance of the property did **not** act as a satisfaction or release of Philippe's liability under the note, and that the obligations due to Weiner under the note would not merge with the property interest Weiner acquired under the Deed.

In October 2012, Weiner filed a complaint, alleging Philippe defaulted under the note and owed Weiner $672.768.01, less a reduction for the value of the property obtained by Weiner via the Deed. Weiner also sought unpaid taxes and insurance plus legal fees and costs.

Two appraisals were prepared to value the subject property. The first appraisal, created April 26, 2011, by C & C Appraiser, Inc. (the C & C Appraisal), appraised the property—using the effective date of March 31, 2011—at $360,000. The C & C Appraisal was filed with the trial court on May 18, 2011. The second appraisal, created September 26, 2011, by Charles V. Failla (the Failla Appraisal), appraised the property—using the retrospective market value as of March 15, 2010—at $155,000. The Failla Appraisal was filed with the trial court on April 9, 2012.

After conducting an evidentiary hearing at which Failla testified, the trial court entered a Final Judgment for Deficiency in Weiner's favor, finding the fair market value of the property to be $155,000, based upon the Failla Appraisal. The

3

trial court further found support for Weiner's claim for unpaid real estate taxes and insurance. It specified Weiner was to recover from Philippe:

> [the] principal sum of the promissory note of $500,000.00, pre-judgment interest at 18% per annum from February 17, 2009[,] to April 9, 2012 (after deducting interest payments of $11,666.66 on March 27, 2009) of $281,335.00, unpaid real estate taxes of $35,923.29, insurance in the amount of $4,844.72 and costs of $6,720.00 for a subtotal of $828.823.01, less $155,000.00, for a subtotal of $673.823.01[,] plus reasonable attorney's fees in the amount of $2,800.00, for a grand total of $676,623.01, that shall bear interest at the rate of 4.75% a year, for which let execution issue.

Philippe filed a pro se motion for rehearing, contending the Failla Appraisal was a "fraud upon the court." Philippe later obtained counsel, who filed an amended motion for rehearing to set aside the judgment, in which counsel argued Weiner should be required to explain the $205,000 difference between the Failla and C & C Appraisals. Philippe's counsel later filed an addendum to his motion for rehearing, contending the promissory note did not provide for the payment of real estate taxes or insurance as items of indebtedness. The trial court denied both motions for rehearing. This appeal followed.

## II.  Analysis

### A. Appraisals

Philippe first contends the trial court erred in determining the amount of Philippe's indebtedness by relying upon the later-filed Failla Appraisal, which valued the property at $155,000. He urges the C & C Appraisal, with an effective

date of March 31, 2011, should have been utilized because it valued the property at $360,000, resulting in less of a deficiency, ultimately entitling Weiner to a smaller judgment.

A trial court's decision to admit into evidence an appraisal report is subject to an abuse of discretion standard. See Eagle's Crest, LLC v. Republic Bank, 42 So. 3d 848, 850 (Fla. 2d DCA 2010). To determine the trial court abused its discretion would require us to conclude the judicial action was "arbitrary, fanciful, or unreasonable." Id. at 852.

The record reflects an evidentiary hearing took place on April 9, 2012, that both appraisals were admitted into evidence, and that Failla himself testified. However, we have not been provided with a transcript of the proceedings. We thus cannot conclude from this record that the trial court abused its discretion by relying on the Failla Appraisal. See id. at 850 (reviewing, on abuse of discretion standard, the trial court's decision to admit into evidence a party's expert testimony and appraisal report). See also Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150 (Fla. 1979).

## B. **Property Taxes and Insurance**

Our inquiry, however, does not end here. We still must determine whether the trial court erred in awarding prejudgment interest , insurance, and taxes after the date the property was deeded to Weiner.

5

The effective date of the Deed is February 24, 2010. See Sweat v. Yates, 463 So. 2d 306, 307 (Fla. 1st DCA 1984) ("[A] deed takes effect from the date of delivery, and the recording of a deed is not essential to its validity as between the parties or those taking with notice."). Yet, Weiner alleged Philippe was liable to Weiner for $672,768.01, an amount which included: (1) unpaid taxes for 2010 and 2011, totaling $35,923.29; (2) insurance premiums totaling $4,844.72; plus (3) prejudgment interest (at the contractual rate of 18%) from February 17, 2009, to April 9, 2012, on the full note amount of $500,000.

We are aware of no authority that would support the trial court's award to Weiner of insurance and taxes on the property **after** the date the property was deeded to Weiner. Once the Deed was signed and delivered to Weiner, Philippe no longer was obligated to pay taxes or insurance on the property.

Hence, it was error for the trial court to award any amounts to Weiner for expenses related to the property after February 24, 2010 (i.e., the date of the Deed).

C. **Prejudgment Interest**

With regard to prejudgment interest, it appears the trial court calculated prejudgment interest at the contractual interest rate of 18% on the full principal balloon balance due on the note (i.e., $500,000) from the date of default (February 17, 2009) through the date of entry of the judgment (April 9, 2012). This was error.

A plaintiff is entitled to prejudgment interest on his or her out-of-pocket, pecuniary losses as those pecuniary losses are liquidated by a verdict. Argonaut Ins. Co. vs. May, 474 So.2d 212, 215 (Fla. 1985).

Because Weiner realized the value of the property on the date of the Deed, his pecuniary losses were reduced on that date by the value of the property. For prejudgment interest purposes, the trial court should have adjusted the principal amount due on the note by subtracting the value of the property from the balloon principal on the note; the trial court should have then recalculated prejudgment interest on that adjusted principal amount. Hence, Weiner was entitled to prejudgment interest, at the contractual rate of 18%, on his pecuniary losses of $500,000 (the full principal balloon balance) from the date of default (February 17, 2009), through the date of the Deed (February 24, 2010). From February 25, 2010, until the date of entry of the judgment (i.e., April 9, 2012), however, Weiner was entitled to prejudgment interest, at the contractual rate of 18%, on his pecuniary losses of $345,000 (i.e., the difference between the $500,000 full principal balloon balance due on the note, and the $155,000 valuation of the property deeded to Weiner on February 24, 2010).

### III.   Conclusion

We affirm the trial court's final judgment insofar as it relied on the Failla Appraisal as a basis to value the subject property. We reverse the final judgment

insofar as it awards unpaid real estate taxes and insurance beyond the effective date of the Deed. We also reverse the calculation of prejudgment interest. We remand with instructions that the trial court recalculate the judgment in accordance with this opinion.

Affirmed in part, reversed in part, and remanded with instructions consistent herein.