NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


743 MAHONEY, LLC, as Assignee of )
NRG Investment Partners, LLC, )
                                   )
        Appellant, )
                                     )
v.                                      )      Case No.    2D15-1854
                                     )
MDC 5, LLC, MEDALLION )
CONVENIENCE STORES, INC., and )
KENNETH L. WOOD, )
                                     )
        Appellees. )
_____)

Opinion filed November 16, 2016.

Appeal from the Circuit Court for
Hillsborough County; Charles E.
Bergmann, Judge.

Michael I. Bernstein and Brian G.
Winger of The Bernstein Law Firm,
Miami Beach, for Appellant.

No appearance for Appellees.


KELLY, Judge.


       Appellant, 743 Mahoney, LLC, as assignee of NRG Investment Partners,

LLC, challenges an order denying its claim for a deficiency judgment after a foreclosure

sale. We reverse.

A final judgment of foreclosure was entered against appellees in the amount of $2,455,564.57. 743 Mahoney purchased the property at a foreclosure sale for $100, and thereafter filed an amended motion for deficiency judgment against appellees. At the hearing on the motion, 743 Mahoney presented evidence of the foreclosure judgment, the assignment of the judgment, and the certificate of sale dated June 14, 2013. It also proffered, over objection, the testimony of its appraisal expert and an appraisal report that valued the property at $1,910,000 on June 20, 2013. The trial court precluded 743 Mahoney's expert from explaining the factors used in evaluating the property and from offering any opinion as to the fair market value of the property as of June 14, 2013, the date of the foreclosure sale. The court deemed the expert's testimony and report irrelevant because the appraisal was conducted six days after the foreclosure sale "making it impossible to calculate any deficiency." Finding that 743 Mahoney failed to satisfy its burden to demonstrate a deficiency existed as of the foreclosure sale date, the trial court declined to award a deficiency judgment.

A trial court's decision to accept or reject expert testimony is reviewed for an abuse of discretion. Eagle's Crest, LLC v. Republic Bank, 42 So. 3d 848, 850 (Fla. 2d DCA 2010). A trial court may not reject expert testimony unless it is so "incredible, illogical, and unreasonable as to be unworthy of belief." Id. (quoting Dep't of Transp. v. Myers, 237 So. 2d 257, 261 (Fla. 1st DCA 1970)). Here, there was no dispute that 743 Mahoney's expert was qualified to render an opinion regarding the value of the property. However, the trial court excluded his testimony and appraisal report because the report was dated six days after the foreclosure sale. This ruling was an abuse of discretion.

It is well-settled that for purposes of calculating a deficiency judgment, the relevant date for determining the fair market value of property is the foreclosure sale date. See, e.g., Empire Developers Grp., LLC v. Liberty Bank, 87 So. 3d 51, 53 (Fla. 2d DCA 2012). However, Florida law recognizes that a party seeking a deficiency judgment may provide testimony to link the value of property on the date of an appraisal to the value of property on the date of the foreclosure sale. See Beach Cmty. Bank v. First Brownsville Co., 85 So. 3d 1119, 1121-22 (Fla. 1st DCA 2012) (reversing an order denying a deficiency judgment because the trial court refused to consider uncontroverted expert testimony that the property's value had not significantly changed between the date of the foreclosure sale and the appraisal conducted six weeks later); Thunderbird, Ltd. v. Great Am. Ins. Co., 566 So. 2d 1296, 1305 (Fla. 1st DCA 1990) (finding testimony of appraisal expert admissible even though it was not as of the foreclosure sale date where the expert testified there was no change in the market value of the property subsequent to the appraisal). Here, we cannot say that the passage of a mere six days rendered 743 Mahoney's appraisal so devoid of probative value as to be irrelevant, especially in light of the court's refusal to allow 743 Mahoney's expert to explain whether the intervening days affected the value of the property. Accordingly, we reverse the trial court's order denying 743 Mahoney's amended motion for deficiency judgment and remand for further proceedings consistent with this opinion. Any determination that a deficiency judgment should be denied "must be supported by established equitable principles and the record must disclose sufficient facts and circumstances" to support that judgment. See Norwest Bank of Owatonna, N.A. v.

Millard, 522 So. 2d 546, 547 (Fla. 4th DCA 1988) (quoting Trustees, Etc. v. Indico Corp., 401 So. 2d 904, 906-07 (Fla. 1st DCA 1981)).

Reversed and remanded.

SALARIO and BADALAMENTI, JJ., Concur.

- 4 -