# Third District Court of Appeal

## State of Florida

Opinion filed February 15, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2352
Lower Tribunal No. 11-6146
_____

**Richard N. Friedman,**
Appellant,

vs.

**Mercantil Commercebank, N.A.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Richard N. Friedman, in proper person.

Victor K. Rones and Jeremy S. Rones, for appellee.

Before SUAREZ, C.J., and EMAS and FERNANDEZ, JJ.

EMAS, J.

Richard N. Friedman appeals an amended final deficiency judgment entered in favor of Mercantile Commerce Bank in the amount of $364,740.56 plus interest. We affirm.

The case was originally filed as a foreclosure action against Friedman and his wife, Marjan Nini Friedman, relating to property owned by the Friedmans in Miami-Dade County. However, on the day of trial, the parties reached a settlement. Pursuant to the terms of that settlement, Mercantile agreed to accept a deed in lieu of foreclosure, and reserved the right to seek a deficiency. Friedman reserved the right to assert any defenses to, or otherwise contest, any deficiency sought by Mercantile. It was further agreed that Mercantile would seek any deficiency judgment against Friedman only, and not against his wife. When the Friedmans failed to deliver the deed to Mercantile, the trial court entered an order conveying the property and transferring all of the Friedmans' interest in the property to Mercantile. That order, rendered on June 27, 2012, was recorded by Mercantile on July 2, 2012.[1] Thereafter, Mercantile sought a deficiency judgment against Friedman, and following a bench trial, the court entered the deficiency judgment, accepting the fair market valuation of Mercantile's expert, and assessing prejudgment interest at eighteen percent.

---

[1] To render this transfer of real property "good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice," it was required that this order be recorded. See § 695.01(1), Fla. Stat. (2012).

2

Friedman asserts that the trial court erred in its determination of the proper date for assessing the fair market value of the property; in its assessment of the amount of the deficiency; and in awarding prejudgment interest of eighteen percent. We find no error.

We hold that the trial court properly concluded that the date for determining fair market value was July 2, 2012, the date of recordation of the order transferring interest in the property from the Friedmans to Mercantile. See Phillipe v. Weiner, 143 So. 3d 1086 (Fla. 3d DCA 2014).[2]

Further, the record on appeal provided by Friedman is otherwise inadequate[3] to allow for meaningful review of related errors allegedly made by the trial court in

_____

[2] In this case, as in Phillipe, there was no foreclosure sale, distinguishing the instant case from those decisions relied upon by Friedman. See, e.g., Morgan v. Kelly, 642 So. 2d 1117, 1117 (Fla. 3d DCA 1994); Cmty. Bank of Homestead v. Valois, 570 So. 2d 300, 303 n.1 (Fla. 3d DCA 1990); Mizner Bank v. Adib, 588 So. 2d 325 (Fla. 4th DCA 1991).

[3] Friedman retained a court reporter who recorded the trial proceedings. However, Friedman did not order the trial proceedings transcribed, asserting that he is indigent and unable to pay the costs of transcription. We reject Friedman's claim that his indigent status renders the transcripts "unavailable" under Florida Rule of Appellate Procedure 9.200(b)(4). That rule provides in pertinent part: "If no report of the proceedings was made, or if the transcript is unavailable, a party may prepare a statement of the evidence or proceedings" with the participation of the other parties, which must then be submitted to, and approved by, the lower tribunal. However, an indigent party to an appeal from a civil action has no constitutional or statutory right to a free transcript of the trial proceedings. See Alexander v. Bamash, 814 So. 2d 1211 (Fla. 4th DCA 2002). Cf. Smith v. Dep't of Health and Rehab. Servs., 573 So. 2d 320 (Fla. 1991) (holding that section 57.081 and section 120.57(1)(b)(6) Florida Statutes (1991) require the state to provide a free transcript in an appeal taken by an indigent party from an adverse

3

its determination of fair market value and the amount of the deficiency. Based on the record provided, we conclude that the trial court, having considered the evidence, including competing testimony from each party's expert, properly exercised its broad discretion in determining the fair market value of the property and the amount of the deficiency. Id. See also Khan v. Simkins Indus., Inc., 687 So. 2d 16, 18 (Fla. 3d DCA 1996) (observing: "It is a long standing legal principle that the granting of a deficiency decree is discretionary with the trial court; such discretion is not absolute and unbridled, but rather one which must be supported by established equitable principles as applied to the facts of the case.")

Finally, we hold that the trial court, in its amended final judgment, properly awarded prejudgment interest at the rate of eighteen percent. Mercantile, in its original foreclosure complaint, sought interest at the rate of twenty-five percent, a

agency decision).

This court entered an order directing Friedman to provide the transcript of the trial proceedings, which Friedman failed to do. Instead, Friedman prepared and submitted a Statement of the Evidence or Proceedings pursuant to Rule 9.200(b)(4). This court eventually permitted the appeal to proceed on this Statement of the Evidence. Nevertheless, it was (and remained) incumbent on Friedman to provide the appellate court with an adequate record upon which the court can determine the merits of any properly-preserved claims of error. See Fla. R. App. P. 9.200(e) (providing that "[t]he burden to ensure that the record is prepared and transmitted in accordance with these rules shall be on the petitioner or appellant.") Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150 (Fla. 1979); Corallo v. Florida Dept. of Children & Family Servs., 971 So. 2d 966 (Fla. 3d DCA 2008); Latin Am. Ben. Center, Inc. v. Johstoneaux, 257 So. 2d 86 (Fla. 3d DCA 1972).

rate which Friedman alleged was usurious.  Pursuant to the express terms of the settlement, the parties agreed that "the interest rate will be 18 percent and not 25 percent," as sought by Mercantile in its complaint.  Friedman was bound by the express terms of the settlement and has failed to demonstrate any error by the trial court in this regard.[4]

Affirmed.

---

[4] The remaining issues raised by Friedman are either without merit, not properly preserved, or cannot be determined on the merits based upon the inadequacy of the record on appeal.