170 So.2d 479 (1965)
Royal Flagg JONAS and Barbara Jonas, his wife, Appellants,
v.
BAR-JAM CORP., a Florida corporation, Appellee.
No. 64-288.
District Court of Appeal of Florida. Third District.
January 12, 1965.
Jonas & Riddle, Miami Beach, for appellants.
Eli Breger, North Miami Beach, for appellee.
Before CARROLL, TILLMAN PEARSON and HENDRY, JJ.
*480 PER CURIAM.
This appeal is taken by the plaintiffs below from an order of the chancellor denying their application for a deficiency decree in a mortgage foreclosure suit.
Plaintiffs foreclosed a $65,000 second mortgage on certain real estate. They had acquired the mortgage by assignment for a consideration of $32,500. On the foreclosure sale plaintiffs bought the property for $100, subject to a first mortgage debt of $57,500. The deficiency established on foreclosure sale was $72,014.05. On their application for deficiency decree undisputed testimony fixed the value of the property at $135,000. Thus the value of the property as acquired by plaintiffs on foreclosure sale was approximately $77,500 over and above the first mortgage.
On this appeal it is contended, first, that the amount of the bid at the foreclosure sale is conclusive of the value, and is binding on the court on the application for deficiency. Secondly, it is contended that there were no equitable considerations shown, other than the testimony as to excess value, to support a denial of deficiency decree.
The first contention made by appellants has been settled adversely to them by decisions holding that while the provision of § 702.02(5), Fla. Stat., F.S.A., making the bid price conclusive as to value on a mortgage foreclosure sale is useful for certain purposes such as determining the validity of the sale, it is not binding on the chancellor on the matter of value when considering an application for deficiency decree. Builders Finance Co., Inc., of St. Petersburg v. Ridgewood Home Sites, Inc., Fla.App. 1963, 157 So.2d 551, cited and relied on by the chancellor in this case. Kurkjian v. Fish Carburetor Corporation, Fla. App. 1962, 145 So.2d 523; Weinstein v. Park Manor Constr. Co., Fla.App. 1964, 166 So.2d 842. In the Kurkjian case the first district court of appeal, speaking through Judge Rawls said:
"Plaintiff urges that the mortgage foreclosure sale held under the provisions of F.S. § 702.02, F.S.A., has become absolute by the clerk's execution of a certificate of title and that the value of the mortgage property has been conclusively established by the amount bid at the foreclosure sale and may not be questioned on plaintiffs' motion for a deficiency decree. As to the first portion of this point it may well be that the sale price, unless questioned within the time provided by law, is conclusively presumed to be adequate insofar as same is necessary to support the title of the property in the purchaser. However, we do not agree that the value of the property as established by a sale made pursuant to the statutory proceeding is so conclusively presumed as to bind the chancellor in the performance of his judicial duties pertaining to the entrance of a deficiency decree. * * * The basic equitable doctrines applicable to the chancellor's discretion in determining the propriety of granting or refusing the entrance of a deficiency decree in mortgage foreclosure proceedings are founded upon the principle that he may properly inquire into all facts and circumstances, including the adequacy or inadequacy of the sales price, prior to entering his decree."
In the instant case the evidence before the chancellor was that the property was worth $135,000, representing a net value (over the first mortgage) of approximately $77,500. A further equitable consideration disclosed on the record was that the $65,000 second mortgage which the plaintiffs foreclosed and which formed the basis for the deficiency, had been acquired by plaintiffs at a large discount, with the result that their investment and outlay of approximately $35,000 was less than half of the net value of the property which plaintiffs acquired on the foreclosure sale.
*481 Those showings were adequate to support the denial of the deficiency decree as a proper exercise of discretion, within the established rule that a denial of a deficiency decree must have the support of disclosed sufficient equitable considerations. See Carlson v. Becker, Fla. 1950, 45 So.2d 116; Scheneman v. Barnett, Fla. 1951, 53 So.2d 641; Kurkjian v. Fish Carburetor Corporation, supra; Weinstein v. Park Manor Constr. Co., supra.
Affirmed.