FARMER, Judge.
The Kornfelds sold the Diazes a parcel of land that housed rental property. The Diazes in turn sold the property to a third party who assumed their mortgage. When the third party defaulted, the Kornfelds brought a foreclosure suit against the Diazes and obtained a $383,778.73 judgment. The judgment directed the receiver to make a final accounting and pay any remaining funds to the Kornfelds to reduce the foreclosure judgment. The Diazes contested the final accounting, claiming that the Kornfelds had been awarded credits for fees to the receiver and its attorney that, actually, they had never paid.
After purchasing the property at a judicial sale for $350,000.00, the Kornfelds sued the Diazes for the $33,778.33 deficiency — the difference between the foreclosed amount and the fair market value of the property.[1] The Diazes sought to reduce that figure by certain credits they claimed were due them for money improperly credited or already refunded to the Kornfelds.
The trial court denied the Kornfelds’ request, finding that a number of the expenditures making up their deficiency claim were either not paid by them or had already been reimbursed to them and not used to reduce the final judgment. • Thus, the court concluded “that when equitable principles are applied to the particular facts and circumstances of this case, an award of a deficiency decree would be inequitable.”
We cannot agree. Although we are aware of the trial court’s discretion to grant or deny a deficiency, we caution that such discretion must be “sound” — i.e. based on the application of legal principles to specific facts. Norwest Bank Owatonna v. Millard, 522 So.2d 546 (Fla. 4th DCA 1988). See also Trustees of Central States Southeast and Southwest Areas, Pension Fund v. Indico Corp., 401 So.2d 904, 906-907 (Fla. 1st DCA 1981). Even if the trial court had found that all credits sought by the Diazes were in fact due them, these credits would have merely reduced the deficiency by $6,072.38 but not eliminated it entirely. The Kornfelds would still be owed $27,706.35. We hold that a total denial of a deficiency judgment on these facts is an abuse of discretion. On remand we instruct the trial court to calculate the credits owed and enter a deficiency judgment - accordingly.
REVERSED AND REMANDED WITH DIRECTIONS.
GUNTHER and WARNER, JJ., concur.

. No one disputes that the judicial sale price of $350,000.00 represents the fair market value.