762 So.2d 944 (2000)
Bashar AHMAD, d/b/a Pacific Land Exchange, Appellant,
v.
COBB CORNER, INC., a Florida corporation, Appellee.
No. 4D98-4103.
District Court of Appeal of Florida, Fourth District.
May 17, 2000.
Rehearing Denied July 11, 2000.
*945 James P. Beadle of Spira, Beadle & McGarrell, P.A., Palm Bay, for appellant.
Peter D. Loguidice of Robin A. Lloyd, Sr. & Associates, P.A., Vero Beach, for appellee.
STETTIN, HERBERT, Senior Judge.
Bashar Ahmad, d/b/a Pacific Land Exchange (Ahmad) seeks review of the denial of a deficiency judgment against the guarantors of a loan made by American Pioneer Savings Bank (American Pioneer) to Cobb Corner, Inc. The trial court issued an additional ruling, determining that if its denial of a deficiency was reversed a deficiency judgment would be entered against the guarantors for an amount determined by the value of the real property fixed by the guarantors' expert appraiser. We reverse the denial of the deficiency judgment and affirm the alternative ruling as to the value of the real property for the reasons which follow.

Background Facts
In 1986, Cobb Corner, Inc. purchased three parcels of commercial real estate in downtown Fort Pierce, Florida. The property consisted of an office building first constructed in 1875, an adjoining vacant lot and a nearby riverfront restaurant building. Edward R. Dudlick and L.F. Hankins bought control of Cobb Corner, Inc., and they and their wives guaranteed a loan made in April, 1988, for $1,125,000 from American Pioneer to Cobb Corner, Inc., used to continue renovation of the office building and restaurant.
Sometime in 1990, the shareholders of Cobb Corner, Inc., traded their shares for stock in Tri-O-Clean, Inc., a publicly traded company, as part of a transaction in which Tri-O-Clean, Inc. acquired title to the three parcels of property, subject to the American Pioneer mortgage. Soon thereafter, American Pioneer failed and its assets, including the Cobb Corner, Inc. note, mortgage and guarantees were taken over by the Resolution Trust Corporation. Several years later, and after Tri-O-Clean, Inc. defaulted under the mortgage, the Resolution Trust Corporation packaged the Cobb Corner, Inc. loan with other unrelated loans and sold them to Ahmad at a discount. The record does not reflect the amount Ahmad paid for the group of loans nor the status of the other loans.
Ahmad sued to foreclose the Cobb Corner, Inc. mortgage in September, 1995. He amended the complaint to add the *946 guarantors as defendants and sought a deficiency judgment against them. Partial summary judgment of foreclosure was entered on November 21, 1996, in the amount of $1,382,437.88. The three parcels of real property were sold in gross at foreclosure sale on December 23, 1996, to Ahmad for $100. Subsequent to Ahmad seeking partial summary judgment the guarantors amended their answer, raising additional defenses, including, inter alia, that Ahmad's recovery under the guarantees should be limited to his actual damages based upon the amount he paid the Resolution Trust Corporation to purchase the Cobb Corner, Inc. loan.
Ahmad's motion for a deficiency was filed in November, 1997, and the trial on the issue of a deficiency was heard in October, 1998. In the summer of 1998, some nineteen to twenty months after the foreclosure sale, Ahmad sold the three parcels of real estate in gross in an arms length sale to a third party, for $775,000. The trial court found the value of the property had not materially changed between the date of the foreclosure sale and the date of the private sale.
At the deficiency trial, Ahmad's expert appraisal witness valued the three parcels of real estate in gross as worth $675,000. The guarantors' expert valued the three parcels separately and found them to be worth $1,090,000. Additionally, there was evidence that prior to the sale of the Cobb Corner, Inc., properties, Ahmad had recovered all but $100,000 to $500,000 of his original purchase price paid to the Resolution Trust Corporation for the package of loans.
The trial court concluded that it would not award a deficiency judgment upon the following analysis: deficiency decrees are traditionally utilized to make a lender whole; a lender is entitled to a reasonable return on its investment; Resolution Trust Corporation owned loans are not conventional loans, and Ahmad was not a conventional mortgagee. In light of the sale of the property for $775,000, Ahmad "was made whole and received a reasonable return on his investment precluding [Ahmad] from recovering a deficiency."
Alternatively, the trial judge determined that if the denial of a deficiency was reversed on appeal, the fair market value of the three parcels of property, valued separately, was $1,090,000 as determined by the guarantors' expert, and that a deficiency of $377,370.99 remained, after calculation of accrued interest and taxes.
Ahmad appeals, claiming the trial court erred both in denying a deficiency and in fixing the value of the mortgaged property at $1,090,000 as of the date of the foreclosure sale.

The Deficiency Claim
It is well settled that the decision whether or not to grant a deficiency is within the sound discretion of the trier of fact; Chidnese v. McCollem, 695 So.2d 936, 938 (Fla. 4th DCA 1997), but that such discretion "must be supported by established equitable principles as applied to the facts of the case, and the exercise of which is subject to review on appeal." Norwest Bank Owatonna, N.A. v. Millard, 522 So.2d 546, 547 (Fla. 4th DCA 1988). See also Kornfeld v. Diaz, 634 So.2d 799, 800 (Fla. 4th DCA 1994). The granting of a deficiency judgment in circumstances where it is clear that the total debt secured by a lien on property is more than the fair market value of that property at the date of the foreclosure sale, as determined by the trial court, is the rule rather than the exception. See, e.g., Chidnese, 695 So.2d at 938; Khan v. Simkins Indus., Inc., 687 So.2d 16 (Fla. 3d DCA 1996); F.D.I.C. v. Circle Bar Ranch, Inc., 450 So.2d 921 (Fla. 5th DCA 1984).
Applying these established principles it is clear the trial court erred in denying a deficiency. First, there is no doubt that Ahmad, as the assignee of the Resolution Trust Corporation, owned the rights to the Cobb Corner, Inc. note and mortgage and to the guarantees securing those obligations. He obtained a partial *947 summary judgment which fixed the validity, priority and extent of his debt. Any questions as to the adequacy of the consideration he paid were settled in that ruling. No evidence was adduced in the deficiency trial that questioned the right of Ahmad to enforce the debt against the guarantors; rather, the defense was that Ahmad would obtain a windfall at the expense of the guarantors because he had already recovered what he had paid for the package of loans purchased from the Resolution Trust Corporation and had received a reasonable return on his investment. But, as aptly noted by Ahmad, that cannot be the determining factor of a mortgagee's right to a deficiency, for if it were, no secondary market for mortgages secured by guarantees could exist and no gift of an obligation secured by a guarantee could be enforced by the donee against the guarantor.
Secondly, there was no competent, substantial evidence adduced at trial either that Ahmad had been made whole or had received a "reasonable return on his investment." No case has been cited to us to answer these questions because, it would seem, there is no such requirement. A mortgagee holding guarantees as additional collateral is entitled to recover the entire contract amount of his obligation from any of the sources available to him. He is not limited to a recovery based upon his investment in the obligation.
Third, there is likewise no basis in the record for the determination that deficiencies are available only to conventional mortgagees; that Resolution Trust Corporation owned loans are not conventional loans, and that Ahmad, therefore, as the assignee, is not a conventional mortgagee. The right to a deficiency in such cases is dependent upon a calculation of whether the amount of the debt exceeds the fair market value of the mortgaged property at the date of the foreclosure sale. While it assuredly also requires that the mortgagee be free of inequitable conduct, it does not limit relief to only a particular form or type of obligation held by a particular (conventional) mortgagee.
Case law in Florida supports these conclusions. An "assignee of a mortgage is invested with the powers and interests of the mortgagee as fully as if he had been named such in the mortgage." Proctor v. Hearne, 100 Fla. 1180, 131 So. 173, 177 (1930) (citation omitted). This court recently held that the assignee of an account receivable purchased at a discount was entitled to enforce the full amount of the debt. See K & M Elec. Supply, Inc. v. Moduplex Corp., 686 So.2d 717, 718 (Fla. 4th DCA 1997). See also Lloyd v. Cannon, 399 So.2d 1095 (Fla. 1st DCA 1981) (reversing the denial of a deficiency and rejecting the argument that the mortgagee could not receive a deficiency where she had recovered her cost basis in the property); Sohn v. Cominole, 253 So.2d 898 (Fla. 1st DCA 1971) (deficiency granted in favor of an assignee who had received the note and mortgage from his parents in a nonarms length transaction).
The only authority cited that refers to the purchase price paid by an assignee as a factor in determining whether to allow a deficiency is Jonas v. Bar-Jam Corp., 170 So.2d 479 (Fla. 3d DCA 1965). However, the holding in that case was limited to a determination that the amount bid at the foreclosure sale was not binding on the trial court in deciding whether to grant a deficiency. Id. at 480. The third district found that the value of the property at the date of the foreclosure sale exceeded the amount of the first mortgage and the face amount of the foreclosed second mortgage, hence there was no legal basis for a deficiency. Id. The second mortgage had been purchased by the assignee at 50% of the face amount of principal and this fact was noted by the court as an additional equitable consideration for the denial of a deficiency. Id. This statement was clearly dicta since the fair market value of the property was found to be worth more at the time of foreclosure sale than the total debt owing, hence the mortgagee was not *948 entitled to a deficiency judgment regardless of the price paid for the second mortgage.
In sum, we hold that the amount paid by an assignee for an otherwise enforceable debt is legally irrelevant to the issue of whether the assignee is entitled to a deficiency judgment.

The Valuation of the Property
Ahmad next argues that the trial court abused its discretion by accepting an opinion of the guarantors' expert as to the value of the three parcels of land which was based upon the highest and best use of the property. He contends that the correct standard is one that values property based on its fair market value. Ahmad claims that the expert failed to do this. We have carefully reviewed the trial testimony and believe the alternative determination made by the trial court concerning the value of the land is supported by substantial, competent evidence. The principal difference between the experts was that the guarantors' expert valued each of the three parcels separately. Ahmad's expert treated the three parcels as a single entity for valuation purposes, despite the fact that each parcel had a separate existing usage. We cannot say the conclusion reached by the trial court was an abuse of discretion.
The order denying a deficiency judgment is reversed. The alternative determination granting a deficiency based upon a valuation of the real property as being worth $1,090,000 is affirmed.
STONE and HAZOURI, JJ., concur.