ROTHENBERG, Judge.
Peter and Linda Thomas appeal a deficiency judgment entered against them in favor of Premier Capital, Inc. (Premier). We affirm.
After the Thomases became delinquent in their mortgage payments, Premier, their mortgage company, filed a foreclosure complaint against them. Premier was granted a final summary judgment of foreclosure against the Thomases in the amount of $364,295.80, plus statutory interest. After the property was sold at a foreclosure sale, Premier sought a deficiency judgment for the difference between the debt owed and the fair market value of the property.
After a non-jury trial, the trial court found in favor of Premier, entering a judgment in the amount of $45,363.39. This amount represented the amount of debt owed minus the fair market value after taking delinquent property taxes into account. This appeal follows.
“The granting of a deficiency decree in a mortgage foreclosure action is a matter for the sound judicial discretion of the trial court.” S/D Enters., Inc. v. Chase Manhattan Bank, 374 So.2d 1121, 1122 (Fla. 3d DCA 1979). Moreover, “the granting of a deficiency judgment is the rule rather than the exception”. Id.
In their attempt to prove to the trial court that a deficiency judgment should not be entered against them, the Thomases asserted as an equitable defense that Mr. Thomas had entered into a deferred compensation agreement with his former employer, which was to provide the Thomases with the funds necessary to pay off the mortgage, but that the former employer failed to provide the funds as agreed. The Thomases, however, introduced no evidence of wrongful conduct on the part of Premier.
The Thomases also asserted as an equitable defense that because Premier acquired the note and mortgage for only $175,000.00, when its value was $265,000.00, Premier should be denied a deficiency. In support of their argument that this equitable defense should have *1141 been considered, the Thomases rely on Jonas v. Bar-Jam Corp., 170 So.2d 479 (Fla. 3d DCA 1965). In Jonas, we noted that while the bid price is useful in determining the validity of a sale, it is not binding when considering an application for a deficiency decree. Additionally, we stated the following:
A further equitable consideration disclosed on the record was that the $65,000 second mortgage which the plaintiffs foreclosed and which formed the basis of the deficiency, had been acquired by the plaintiffs at a large discount, with the result that their investment and outlay of approximately $35,000 was less than half of the net value of the property which plaintiffs acquired on the foreclosure sale.
Id. at 480.
We agree with the Fourth District Court of Appeal in Ahmad v. Cobb Corner, Inc., 762 So.2d 944, 947-48 (Fla. 4th DCA 2000), that the quoted language in Jonas is dicta. The issue addressed and resolved in Jonas was whether the bid price at a foreclosure sale is conclusive as to the fair market value of the property and thus binding on whether to award a deficiency. Since the value of the property in question exceeded the amount owed on the two existing mortgages, there simply was no basis to award a deficiency. Thus, the language which noted that the fact that the second mortgage had been purchased by an assignee at 50% of the face value was an additional equitable consideration, was irrelevant as to the court’s analysis and determination, and therefore simply dicta.
We therefore conclude, as did the Fourth District Court of Appeal in Ahmad, that “the amount paid by an assignee for an otherwise enforceable debt is legally irrelevant to the issue of whether the as-signee is entitled to a deficiency judgment.” Ahmad, 762 So.2d at 948. Based upon the equitable defenses asserted by the Thomases, we do not find that the trial court abused its discretion by granting the deficiency judgment.
The Thomases argue that, even if the trial court did not abuse its discretion by entering the deficiency judgment, the amount of the judgment entered was incorrect. We disagree. At the trial below, the trial court considered the testimony of Premier’s appraiser, the appraiser’s report, and the testimony of Mr. Thomas, who is not a realtor, broker, or appraiser, and found the evidence submitted by Premier more persuasive. As we conclude that the trial court’s conclusion as to the fair market value of the property was not an abuse of discretion, we affirm. See People’s Fed. Sav. & Loan Assoc. of Tarentum, Pa. v. Shoreline Garden Townhomes, II, Ltd., 538 So.2d 864, 865 (Fla. 1st DCA 1988)(the proper standard of review for a trial court’s findings as to fair market value is whether the trial court abused its discretion).
Affirmed.