TAYLOR, J.
In these consolidated appeals, Vantium Capital, Inc. (“Vantium”) argues that the trial court erred in denying its claims for deficiency judgments resulting from mortgage foreclosure sales. We agree and reverse.
A final judgment of foreclosure was entered against each of the appellees/debt-ors. Judgment was entered against appel-lee William S. Hobson, Jr., in the amount of $199,936.39, and the Hobson property was sold at a foreclosure sale for $162,700. Judgment was entered against appellee Marcio Barretto Cordiero in the amount of $275,989.88, and the Cordiero property was sold at a foreclosure sale for $21,100. Judgment was entered against appellee Stanley Bengelsdorf in the amount of $199,936.39, and the Bengelsdorf property was sold at a foreclosure sale for $21,100.
Vantium was substituted in each foreclosure action as the party plaintiff and moved for deficiency judgments against the debtors. The trial court held a single hearing to address Vantium’s deficiency claims in all three cases. None of the debtors appeared at the hearing. Vantium established the foreclosure sale amounts for each property. It also proffered affidavits of appraisers as to the fair market value of the Cordiero and Bengelsdorf properties. The Bengelsdorf property had an appraised value of $20,000, and the Cordiero property had an appraised value of $47,000.
The trial court denied all the motions for deficiency judgment, reasoning that Vanti-um established only the bid price at each foreclosure sale. The court further ruled that it would not accept the affidavits of the appraisers in lieu of live testimony.
*499 The trial court denied Vantium’s motions for rehearing. On appeal, Vantium argues that the trial court failed to follow the applicable law regarding deficiency judgments and abused its discretion in denying the claims for deficiency. Vantium contends that the trial court improperly failed to consider the bid price as fair market value, improperly failed to place the burden on the debtors to prove that the fair market value was greater than the bid price, and improperly rejected affidavits that Vantium proffered without objection.
The decision whether to grant or deny a deficiency judgment is reviewed for an abuse of discretion. See Nonvest Bank Owatonna, N.A. v. Millard, 522 So.2d 546, 547 (Fla. 4th DCA 1988). “While ordinarily the granting of a deficiency decree is discretionary with the court, this is not an absolute and unbridled discretion, but a ‘sound judicial discretion,’ which must be supported by established equitable principles as applied to the facts of the case, and the exercise of which is subject to review on appeal.” Carlson v. Becker, 45 So.2d 116,116 (Fla.1950) (citations omitted).
Where it is clear that the total debt secured by a lien on property is more than the fair market value of that property at the date of the foreclosure sale, the granting of a deficiency decree is the rule rather than the exception. Ahmad v. Cobb Comer, Inc., 762 So.2d 944, 946 (Fla. 4th DCA 2000). A deficiency judgment should be granted “unless there are facts and circumstances creating equitable considerations upon which a court should deny the deficiency decree in the exercise of its discretion.” S/D Enters., Inc. v. Chase Manhattan Bank, 374 So.2d 1121, 1122 (Fla. 3d DCA 1979). “When a court does not state any legal or equitable principles justifying an award for less than the full amount of the deficiency, the award is an abuse of discretion.” Morgan v. Kelly, 642 So.2d 1117, 1118 (Fla. 3d DCA 1994) (citations omitted).
“The secured party has the initial burden of proving that the fair market value of the property was less than the total debt determined by the final judgment.” Chidnese v. McCollem, 695 So.2d 936, 938 (Fla. 4th DCA 1997). However, “[a] legal presumption exists that the foreclosure sale price equals the fair market value of the property.” Thunderbird, Ltd. v. Great Am. Ins. Co., 566 So.2d 1296,1299 (Fla. 1st DCA 1990). “Therefore, once the party seeking a deficiency judgment introduces evidence of the foreclosure sale price, the burden shifts to the judgment debtor to present evidence concerning the property’s fair market value.” Liberty Bus. Credit Corp. v. Schaffer/Dunadry, 589 So.2d 451, 452 (Fla. 2d DCA 1991). “In the absence of such evidence, the trial court has the power to act upon the assumption that the sale price reflects the fair market value.” Fara Mfg. Co., Inc. v. First Fed. Sav. & Loan Ass’n of Miami, 366 So.2d 164, 165 (Fla. 3d DCA 1979).
In this case, the trial court abused its discretion in denying Vantium’s deficiency claims against the debtors. The court denied the deficiency claims, reasoning that Vantium established only the foreclosure sale price of each property. In doing so, the trial court implied that there was insufficient evidence of fair market value. However, the trial court’s ruling ignored the legal presumption that a property’s foreclosure sale price equals its fair market value. Accordingly, once Vantium established the foreclosure sale price for each of the properties, the burden shifted to the debtors to present evidence that the fair market value was different from the foreclosure sale price. The debtors did not appear at the hearing, let alone rebut *500 the presumption that the foreclosure bid price was the fair market value of the property. The trial court improperly placed the burden on Vantium to produce evidence — apart from the foreclosure sale price — to prove the fair market value, rather than placing the burden on the debtors to rebut the presumption that the foreclosure sale price was the fair market value.
Because Vantium established the foreclosure sale price for each property at issue and because the debtors did not present any counter-evidence, Vantium was not obligated to produce any further evidence of fair market value. Nonetheless, although not required to do so, Vanti-um offered appraisers’ affidavits concerning the fair market value of the Cordiero and Bengelsdorf properties. The trial court, however, sua sponte rejected the appraisers’ affidavits as hearsay, without any objection raised by an opposing party. Because there was no objection from any opposing party, the trial court should have considered the appraisers’ affidavits offered by Vantium. • See In re Eriksson, 36 So.3d 580, 594 (Fla.2010) (failure to object to hearsay evidence constitutes a waiver). Moreover, a trial court is bound by the only competent evidence as to property value, where such evidence is “gratuitously introduced, despite the absence of any obligation to do so, by the mortgagee.” Addison Mortg. Co., Inc. v. Weit, 613 So.2d 104, 105 (Fla. 3d DCA 1993) (citations omitted).
In sum, the trial court did not properly apply the burden-shifting framework of Florida law on deficiency judgments. Furthermore, the trial court abused its discretion in denying the claims for deficiency without any valid legal or equitable reasons for doing so. Accordingly, we reverse and remand with directions for the trial court to enter deficiency judgments in favor of Vantium.

Reversed and Remanded.

DAMOORGIAN, C.J., and LEVINE, J., concur.