ON MOTION FOR REHEARING OR CLARIFICATION
WALLIS, J.
In consideration of Appellees’ July 2, 2015 motion for rehearing or clarification, we grant the requested relief, withdraw our prior opinion, and substitute this opinion in its stead.
Appellant, TD Bank, N.A. (“TDB”), appeals the trial court’s denial of a motion seeking a deficiency judgment (“Deficiency Motion”) in a foreclosure action, arguing that the trial court erred by ruling that TDB was required to introduce the earlier-entered Final Judgment of Foreclosure (“Final Judgment”) into evidence.[1] Because the Deficiency Motion was a continuation of the foreclosure action, TDB was not required to introduce the Final Judgment. Accordingly, we reverse and remand for a new deficiency hearing.
In May 2013, the trial court granted summary judgment of foreclosure in favor of TDB and entered the Final Judgment against Appellees, Robert M. Graubard, individually, and as Trustee for the Robert M. Graubard Revocable Trust and the Graubard Revocable Trust (collectively “Graubard”). In the Final Judgment, the trial court established that Graubard owed $241,554.86 to TDB and specifically reserved jurisdiction “to enter further orders that are proper, including, without limitation, attorneys’ fees, writs of possession and deficiency judgments.” Graubard did not appeal the Final Judgment.[2]
On September 16, 2013, TDB filed the Deficiency Motion, seeking the $241,554.86 amount awarded in the Final Judgment, plus $3,521.28 in post-judgment interest, minus the fair market value of the property. TDB asserted that the fair market value of the property was $160,000 and, accordingly, requested a deficiency judgment of $85,076.14. TDB specifically referenced the Final Judgment’s award of $241,554.86 several times and attached the Final Judgment and the certificate of title to the Deficiency Motion.
The trial court held a January 15, 2014 hearing on the Deficiency Motion. The only witness at the hearing, real estate appraiser John Mullins, was called by TDB to establish the fair market value of the property. Mullins testified, over objection, that he appraised the property and the structures on the property at $160,000. Graubard contested the valuation testimony on cross-examination but provided no competing evidence of value after the parties agreed that such evidence would be presented during the rebuttal case. After TDB rested, the trial court granted Grau-bard’s motion for involuntary dismissal, ruling that TDB failed to provide prima facie evidence of the debt amount on the foreclosed property.
We review de novo a trial court’s ruling on a motion for directed verdict. Meruelo v. Mark Andrew of Palm Beaches, Ltd., 12 So.3d 247, 250 (Fla. 4th DCA 2009).
*553 The standard of review on appeal of a trial court’s ruling at a bench trial on a motion for involuntary dismissal is the same as the test used by the trial court in ruling on a directed verdict at a jury trial; a motion for directed verdict should be granted when there is no reasonable evidence upon which a jury could legally predicate a verdict in favor of the non-moving party.
Tylinski v. Klein Auto., Inc., 90 So.3d 870, 873 (Fla. 3d DCA 2012) (citing Etheredge v. Walt Disney World Co., 999 So.2d 669, 671 (Fla. 5th DCA 2008); Craigside, LLC v. GDC View, LLC, 74 So.3d 1087 (Fla. 1st DCA 2011)).
“[A] lender’s legal claim for a deficiency ‘has consistently been tried as a continuation of the foreclosure suit under [the Florida Constitution].’ ” Kinney v. Countrywide Home Loans Servicing, L.P., 165 So.3d 691, 694 (Fla. 4th DCA 2015) (quoting Bradberry v. Atl. Bank of St. Augustine, 336 So.2d 1248, 1249 (Fla. 1st DCA 1976)). “[T]he motion for deficiency [is] a continuance of the foreclosure proceedings.” L.A.D. Prop. Ventures, Inc. v. First Bank, 19 So.3d 1126, 1128 (Fla. 2d DCA 2009). “The law of mortgage foreelo-sure in Florida contemplates that a deficiency judgment may be appropriate in a foreclosure suit, and as such, a deficiency proceeding is a continuation of the original foreclosure suit.” Estepa v. Jordan, 678 So.2d 876, 878 (Fla. 5th DCA 1996) (footnote omitted).[3]
Once a trial court enters judgment of foreclosure, the judgment “fixe[s] the validity, priority and extent of [the] debt.” Ahmad v. Cobb Corner, Inc., 762 So.2d 944, 946-47 (Fla. 4th DCA 2000). No additional proof of the debt amount is necessary; the secured party need only “prov[e] that the fair market value of the property was less than the total debt determined by the final judgment.” Chidnese v. McCollem, 695 So.2d 936, 938 (Fla. 4th DCA 1997); see also Khan v. Simkins Indus., Inc., 687 So.2d 16, 18 (Fla. 3d DCA 1996); Fed. Deposit Ins. Corp. v. Circle Bar Ranch, Inc., 450 So.2d 921 (Fla. 5th DCA 1984).
The reintroduction of a final judgment of foreclosure is not necessary to establish a lender’s right to a deficiency judgment in the same case.[4] See NAFH *554 Nat’l Bank v. Aristizabal, 117 So.3d 900, 902 (Fla. 4th DCA 2013) (noting that a deficiency proceeding is only an enforcement of the judgment of foreclosure). The lender need only introduce evidence of fair market value or the foreclosure sale price. Vantium Capital, Inc. v. Hobson, 137 So.3d 497, 499 (Fla. 4th DCA 2014). After the lender introduces evidence of fair market value, the burden shifts to the debtor to present competing evidence. Id. Absent competing evidence, the trial court may use the foreclosure sale price in calculating a deficiency judgment. Id. Where the debt — as defined in the judgment of foreclosure — is greater than the fair market value of the property on the date of a foreclosure sale, “the granting of a deficiency decree is the rule rather than the exception.” Id. Unless evidence at the hearing demonstrates that no deficiency exists or equitable principles preclude a deficiency decree, the trial court must enter a deficiency judgment. See Coral Gables Fed. Sav. & Loan Ass’n v. Whitewater Enters., Inc., 614 So.2d 682, 682 (Fla. 5th DCA 1993). However, we distinguish our directive in the instant case from that Coral Gables, wherein we reversed and remanded for entry of a deficiency judgment after finding that “Coral Gables supplied a sufficient record to merit entry of a deficiency award.” Id. Graubard’s motion for involuntary dismissal was granted before he had an opportunity to present rebuttal evidence of the property’s value. Thus, we cannot conclude that TDB presented irrefutable evidence in support of the amount requested in the Deficiency Motion.
Here, because the Final Judgment was entered in the same case as the later Deficiency Motion, the trial court erred in ruling that TDB failed to present sufficient evidence of the debt amount. The Final Judgment clearly fixed the amount of Graubard’s debt to-TDB at $241,554.86, plus interest. TDB presented evidence at the hearing that the fair market value of the foreclosed property was $160,000. Graubard’s motion to dismiss the Deficiency Motion did not allege insufficient valuation evidence, but rather that TDB failed to prove the amount of Graubard’s debt. We reverse the trial court’s denial of the Deficiency Motion and remand for a new deficiency hearing, at which Graubard may provide rebuttal evidence concerning the property’s value, and for entry of an appropriate deficiency judgment to the extent that any deficit exists.
REVERSED and REMANDED with INSTRUCTIONS.
PALMER and ORFINGER, JJ., concur.

. Senior Judge Arthur W. Nichols presided over the deficiency proceedings. However, Judge Howard M. Maltz entered the final order denying TDB’s Deficiency Motion.

. The property was sold at public auction to TDB on August 1, 2013, and the clerk of the trial court issued a certificate of title to TDB on August 13, 2013. Graubard did not appeal the sale or issuance of title.

. On appeal, Graubard concedes that "[a] deficiency proceeding is a continuation of the foreclosure case" but cites to Timmers v. Harbor Federal Savings and Loan Ass’n, 548 So.2d 282 (Fla. 1st DCA 1989), in support of his assertion that the continuation of a foreclosure action with a deficiency motion is limited to questions of proper service and jurisdiction over the parties. Neither Tim-mers nor any other precedent limits a trial court’s jurisdiction in that manner. Here, as in Timmers, the trial court had full jurisdiction over the later-filed deficiency motion by virtue of the earlier-entered foreclosure judgment, which specifically reserved jurisdiction to enter deficiency orders. See 548 So.2d at 283-84 (”[T]he motion for a deficiency was part and parcel to the foreclosure proceedings. ...”).

. Graubard's assertion that TDB should have affirmatively requested the trial court to take notice of the Final Judgment is also without merit. There is no requirement for a court to affirmatively take notice of orders previously entered in the same case. "Every court will take judicial notice of its own records appearing in the case before it for consideration.” Elmore v. Fla. Power & Light Co., 895 So.2d 475, 478 (Fla. 4th DCA 2005) (quoting Tower Credit Corp. v. State, 183 So.2d 255, 256 (Fla. 4th DCA 1966)). In contrast, when a party seeks to "prove some matter contained in the record of a case other than the one being litigated, a party must offer the other court file or certified copies of portions thereof into evidence in the case then being litigated.” Bergeron Land Dev., Inc. v. Knight, 307 So.2d 240, 241 (Fla. 4th DCA 1975). No such requirement exists where the document at issue was filed earlier in the case under consideration.