IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

COLLINS ASSET GROUP, LLC,

     Appellant,

v.

PROPERTY ASSET
MANAGEMENT, INC. and
DELVERT CAMPFIELD, ET
AL.,

     Appellees.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-1254

_____/

Opinion filed July 13, 2016.

An appeal from the Circuit Court for Leon County.
Charles A. Francis, Judge.

Mark Elliot Pollack, Pollack & Rosen, P.A., Coral Gables, for Appellant.

No Appearance, for Appellees.

PER CURIAM.

     Collins Asset Group, LLC, appeals the trial court's post-decretal order

denying its Motion To Substitute Party Plaintiff and Motion for Deficiency

Judgment. Because the motion was facially sufficient to allege a basis for a post-

foreclosure sale deficiency judgment, the court denied the motion without a hearing, and because the trial court's stated reasons for denial were based on an inapplicable pleading requirement, the order is reversed and the cause remanded for further proceedings.

This appeal originated from foreclosure proceedings which concluded with the entry of the Final Summary Judgment in Foreclosure on January 27, 2009. A foreclosure sale was held, and the property sold for substantially less than the foreclosure amount. Accordingly, Appellant filed a post-judgment motion for deficiency judgment. § 702.06, Fla. Stat. The motion was properly filed as a continuation of the original foreclosure suit and not as a separate action. See Kinney v. Countrywide Home Loans Servicing, L.P., 165 So. 3d 691, 694 (Fla. 4th DCA 2015); TD Bank, N.A. v. Graubard, 172 So. 3d 550, 552 (Fla. 5th DCA 2015).

Appellant initially sought review of the trial court's order as a "non-final order entered after final judgment on an authorized motion," pursuant to rule 9.130(a)(4), Florida Rules of Appellate Procedure. However, the current version of the rule, effective January 1, 2015, no longer contains the sentence referring to "non-final orders entered after final order upon authorized motions." The Florida Supreme Court has recently opined that certain post-decretal, non-final orders formerly reviewable via appeal under rule 9.130(a)(4) are now subject to review upon petition for writ of certiorari as a result of the rule amendment. M.M. v. Fla. Dep't of

<u>Children & Families</u>, 189 So. 3d 134 (Fla. 2016) (post-dependency judgment orders subject to future modification for child welfare and parenting time-sharing are not final orders and are thus reviewable by certiorari, not as final appealable orders).

No additional judicial labor on Appellant's entitlement to a deficiency judgment is contemplated under the order on appeal here, thus, <u>M.M.</u> does not apply. For purposes of the finality of judgments and orders, Florida courts treat mortgage foreclosure actions and the attendant deficiency proceedings differently from typical civil actions because "foreclosures 'may involve two distinct but related proceedings that can result in more than one final judgment or order.'" <u>Park Fin. of Broward, Inc. v. Jones</u>, 94 So. 3d 617, 618 (Fla. 4th DCA 2011). The order before us is an appealable final order because it is dispositive of the deficiency judgment proceedings, completes the judicial labor on the deficiency proceedings, and there is no future additional avenue for appellate review upon any contemplated additional judgment. <u>See</u> <u>Caufield v. Cantele</u>, 837 So. 2d 371, 375 (Fla. 2002) (final judgment is one which ends the litigation between the parties such that "no more judicial labor is required"); <u>Clearwater Fed. Sav. & Loan Ass'n v. Sampson</u>, 336 So. 2d 78, 79-80 (Fla. 1976); <u>Gache v. First Union Nat'l Bank</u>, 625 So. 2d 86 (Fla. 4th DCA 1993).

We review an order granting or denying a deficiency judgment for an abuse of the trial court's discretion. <u>Vantium Capital, Inc. v. Hobson</u>, 137 So. 3d 497, 499 (Fla. 4th DCA 2014). Considering the grounds for the trial court's summary denial

of the motion for deficiency judgment stated in its order, the trial court abused its discretion by applying inapplicable pleading requirements to the motion and ruling before allowing Appellant an opportunity to be heard.

In its motion seeking a deficiency judgment, Appellant requested that it be substituted as the plaintiff and alleged that it was the owner and holder of the judgment by assignment. No assignment was attached to the motion or filed with the court, and no response to the motion was filed.[1] Without holding a hearing on the motion, the trial court denied the motion based on Appellant's "lack of standing in that Certificate of Title was issued to Property Management, Inc., and no document or verified pleading has been filed to indicate transfer of judgment."

The motion before the trial court was not a complaint for foreclosure. Accordingly, rule 1.115(c), Florida Rules of Civil Procedure, requiring copies of the note to be attached to a certification filed with the complaint, did not apply. Further, rule 1.115(e) requiring complaints for foreclosure to be verified does not apply to motions for deficiency judgment.

---

[1] Appellant supplied this court with an appendix containing two consecutive assignments of the foreclosure judgment to bolster its allegation that it is the owner and holder of the judgment. Because this material does not appear in the trial court docket for case number 2007 CA 002228, the appendix is not part of the appellate record. Fla. R. App. P. 9.200(a)(1). These documents have no bearing on our appellate review because "[i]t is axiomatic that appellate review is confined to the record on appeal." Thornber v. City of Fort Walton Beach, 534 So. 2d 754, 755 (Fla. 1st DCA 1988).

Standing is an affirmative defense which is waived if not raised in a responsive pleading. Jaffer v. Chase Home Fin., LLC, 155 So. 3d 1199, 1202 (Fla. 4th DCA 2015). Furthermore, the motion seeking a deficiency judgment alleged that Appellant was the assignee of the judgment and was, therefore, like a complaint for other affirmative relief, "sufficient to indicate that a cause of action exists" and not required to "anticipate affirmative defenses." Thompson v. Martin, 530 So. 2d 495, 496 (Fla. 2d DCA 1988); Shahid v. Campbell, 552 So. 2d 321, 322 (Fla. 1st DCA 1989).

Appellant's motion filed in the trial court was facially sufficient to state a cause of action for a deficiency judgment and met the applicable pleading requirements.[2] Accordingly, the order on appeal is REVERSED and REMANDED for further proceedings on Appellant's motion.

ROBERTS, C.J., WOLF, and B.L.THOMAS, JJ., CONCUR.

---

[2] We note that Appellant bore some responsibility to notify the court that the action was ready for trial or hearing if it intended to file documents or submit additional proof to support its motion. See Fla. R. Civ. P. 1.440. The record does not indicate any reason Appellant failed to contact the trial court to set a hearing while the motion was pending.