IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

COLLINS ASSET GROUP, LLC,

    Appellant,

v.

AURORA LOAN SERVICES,
LLC, FRANK BOSIER, ET AL.,

    Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-1253

Opinion filed September 9, 2016.

An appeal from the Circuit Court for Leon County.
Charles A. Francis, Judge.

Mark E. Pollack of Pollack & Rosen, P.A., Coral Gables, for Appellant.

No appearance for Appellee.

PER CURIAM.

    Appellant Collins Asset Group, LLC appeals an order denying its Motion to Substitute Party Plaintiff and Motion for Entry of Deficiency Judgment. This case is similar to Collins Asset Group, LLC v. Prop. Asset Mgmt., Inc., 1D15-1254, 2016 WL 3702926, at *1 (Fla. 1st DCA 2016), involving a challenge to the trial court's Order on Motion to Substitute Party Plaintiff and Motion for Entry of Deficiency Judgment. In that case, Appellant Collins Asset Group filed a Motion

to Substitute Party Plaintiff and Motion for Entry of Deficiency Judgment, but the trial court summarily denied the motion with an order that contained the following language: "Plaintiff's motion is hereby DENIED on the basis of lack of standing in that Certificate of Title was issued to Property Management, Inc., and no document or verified pleading has been filed to indicate transfer of judgment." This Court reversed and remanded the case for further proceedings, finding that the trial court erred in two ways. First, the motion was facially sufficient. Second, the trial court erroneously applied the pleading requirements of rule 1.115(c), Florida Rules of Civil Procedure. That is, the motion before the court was not a complaint for foreclosure that would require the note to be attached or for it be verified.

The motion here contains the same facts and assertions, the only differences are the defendant/appellee, the relevant dates, and the dollar amounts. So the order here suffers from one of the same problems: it denied a facially sufficient motion. Accordingly, the order is reversed and the case is remanded for further proceedings.

REVERSED and REMANDED.

RAY, MAKAR, and OSTERHAUS, JJ., CONCUR.